# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan,<br><br>             Plaintiffs,<br><br>v.<br><br>Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30,<br><br>             Defendants. | Case No. 1:20-cv-02973-MHC |

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants, as defined herein.

## 1. ARTICLE 1 – RECITALS

    **1.1**    On July 16, 2020, the initial Class Representatives, David Kinder and Tracy Scott, filed a Class Action Complaint (*ECF No. 1*) in the United States District Court for the Northern District of Georgia, asserting claims against Defendants under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in relation to the management of the at-issue Plans.

    **1.2**    On September 16, 2020, Defendants filed a motion to dismiss the Complaint. *ECF No. 30.*

    **1.3**    On September 30, 2020, an Amended Complaint was filed, adding Elbert Peay and Cherry Crawford as additional Class Representatives. *ECF No. 34*. Pursuant to Fed. R. Civ. P.

15(a)(2), a Second Amended Complaint (*ECF No. 39*) and Third Amended Complaint (*ECF No. 47*) were subsequently filed. The Third Amended Complaint remains the operative Complaint.

1.4     On October 22, 2020, Defendants filed a motion to dismiss Plaintiffs' Third Amended Complaint. *ECF No. 48*. Plaintiffs filed a memorandum of law in opposition to Defendants' motion on November 5, 2020 (*ECF No. 50*), to which Defendants replied on November 18, 2020 (*ECF No. 51*).

1.5     While Defendants' motion to dismiss was pending, the Settling Parties agreed to engage in informal discovery to facilitate settlement discussions, which included the production of over 8,200 pages of documents and other information by Defendants.

1.6     On April 13, 2021, the Settling Parties engaged in private mediation with a neutral Mediator. After extensive arm's length negotiations supervised by the Mediator, the Settling Parties reached a settlement in principle. The entire terms of the Settling Parties' agreement are memorialized in this Settlement Agreement.

1.7     The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in significant benefits to the Class.

1.8     Defendants deny all liability to the Class Representatives, deny all of the claims made in the Action, deny all allegations of wrongdoing made in any of the complaints in this Action, and deny that the Class Representatives, the Plans, or any of the Plans' current or former participants suffered any losses. Defendants further maintain that they acted prudently and in the interest of all Plan participants at all times when acting in any fiduciary capacity with respect to the Plans and that they complied at all times with their fiduciary duties under ERISA. This

Settlement Agreement, and the discussions between the Settling Parties relating to it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on any of the Defendants' part (or on the part of any current or former officers, employees, agents or affiliates of Defendants with any responsibility for the Plans' administration, management or operation) of any fault or liability whatsoever.

    **1.9**    To avoid the risks and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties wish to fully and finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

    **1.10**    Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

## 2. ARTICLE 2 – DEFINITIONS

    As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.13), unless otherwise defined, the following terms have the meanings specified below:

    **2.1**    "Action" means the action captioned *David Kinder, et al. v. Koch Industries, Inc., et al.*, No. 1:20-cv-02973-MHC in the United States District Court for the Northern District of Georgia.

    **2.2**    "Active Account" means an individual investment account in the Plan with a balance greater than $0.00.

    **2.3**    "Administrative Expenses" means expenses incurred in the administration of this Settlement, including (a) all taxes and tax expenses as described in Paragraph 5.3; (b) all fees and expenses of the Settlement Administrator; (c) all fees and expenses of the Independent Fiduciary described in Paragraph 3.1; and (d) any other third-party expenses associated with implementing or administering this Settlement Agreement, such as any expenses associated with preparation of

3

tax forms or notices, mailing, third-party vendor printing, preparing checks, and providing the notices required by CAFA. Excluded from Administrative Expenses are Koch's internal expenses, any expenses incurred by the Plans' recordkeeper in connection with this Settlement, and the Settling Parties' respective legal expenses.

 **2.4** "Alternate Payee" means a person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a Current Participant's or Former Participant's balance during the Class Period, and the relevant Current Participant or Former Participant has or had an Active Account in the Plan during the Class Period.

 **2.5** "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action.

 **2.6** "Base Recordkeeping Rate" means $41.00 for calendar years 2014–2017, and $35.00 for calendar years 2018–2020.

 **2.7** "Beneficiary" means a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual or trust designated by the Current Participant or Former Participant as determined under the terms of the Plan who currently is entitled to a benefit.

 **2.8** "Business Days" refers to the days between Monday and Friday of each week and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

 **2.9** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.10** "Class Counsel" means Nichols Kaster, PLLP, Austin & Sparks, P.C., and the Sanford Law Firm.

**2.11** "Class Members" means each individual in the Settlement Class.

**2.12** "Class Period" means the period from July 16, 2014 through (and including) December 31, 2020.

**2.13** "Class Representatives' Compensation" means the amount awarded by the Court as compensation for the services provided by the Class Representatives in the Action and the risks assumed by the Class Representatives in the Action.

**2.14** "Class Representatives" means David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford.

**2.15** "Court of Appeals" means the United States Court of Appeals for the Eleventh Circuit.

**2.16** "Court" means the United States District Court for the Northern District of Georgia.

**2.17** "Current Participant" means a Class Member who has an Active Account in the Plan as of the date of the Court's Preliminary Approval Order. For the purposes of this Settlement Agreement, a "Current Participant" also includes a Class Member who, during the Class Period, was a participant in one of the Plans and, as of the date of the Preliminary Approval Order, has an Active Account in another one of the Plans.

**2.18** "Deduction Amount" means $60.00 for the Koch Plan, $58.08 for the GP Hourly Plan, and $55.08 for the GP Salaried Plan.

**2.19** "Defendants" means all defendants named in the Third Amended Complaint, including Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee.

**2.20**   "Defense Counsel" means Jones Day.

**2.21**   "Disbursement Amount" means $54.59 for calendar year 2014, $54.60 for calendar year 2015, $53.77 for calendar year 2016, $52.84 for calendar year 2017, $46.20 for calendar year 2018, $43.74 for calendar year 2019, and $39.30 for calendar year 2020.

**2.22**   "Effective Approval Order" means the Final Approval Order once it becomes Effective.

**2.23**   "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Effective thirty-one (31) calendar days after its entry.

**2.24**   "Entitlement Amount" shall be a Class Member's pro rata share of the Net Settlement Amount as calculated by the Settlement Administrator pursuant to Paragraph 6.4.2.

**2.25**   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) whether to finally approve the Settlement pursuant to Fed. R. Civ. P. 23; (b) any objections from Class Members to the Settlement Agreement; and (c) any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation.

**2.26** "Final Approval Order" means the order granting final approval of the Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.27** "Final Approval" means the entry of the Final Approval Order.

**2.28** "Former Participant Rollover Form" means the form described generally in Paragraph 3.3.2 and substantially in the form attached as Exhibit 3.

**2.29** "Former Participant" means a Class Member who did not have an Active Account as of the date of the Court's Preliminary Approval Order.

**2.30** "Gross Settlement Amount" means the sum of four million dollars ($4,000,000), which shall be the total combined monetary payment to the Settlement Class, Class Representatives, and Class Counsel (and any third parties necessary to carry out the Settlement) in connection with this Settlement Agreement.  The entirety of the Gross Settlement Amount shall be paid by Koch, with the exception of the portion of the Entitlement Amount paid to Settlement Class Members in connection with their Excess Deduction Score (as set forth in Section 6.4), which shall be paid out of the alleged excess amount that was retained in the Plans' trust accounts and shall be paid by each such Plan's trust account in accordance with Section 5.5, and in proportion to the aggregate Excess Deduction Score of the Class Members who participated in such Plan.

**2.31** "Independent Fiduciary" means the person or entity selected by Koch, or by the Koch Benefits Administrative Committee (now known as the Koch Industries, Inc. and Affiliated Companies Administrative Committee) ("Administrative Committee"), to serve as an independent fiduciary to the Plan with respect to the Settlement Agreement for the purpose of rendering the determination described in Article 3 herein.

**2.32** "Koch" means Koch Industries, Inc.

**2.33** "Master Trust" means all assets held in trust for the benefit of the Plans by The Northern Trust Company pursuant to the Koch Companies Defined Contribution Master Trust Agreement dated January 1, 2018.

**2.34** "Mediator" means Martin F. Scheinman, Esq., Scheinman Arbitration & Mediation Services, 322 Main Street, Port Washington, NY 11050.

**2.35** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) all Class Representatives' Compensation approved by the Court; and (c) all Administrative Expenses approved by the Court, (d) any contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties and approved by the Court that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, and (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

**2.36** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein.

**2.37** The term "Plans" means the GP Hourly Plan, the GP Salaried Plan, and the Koch Plan, and the term "Plan" means, as applicable, one of the Plans below.

**2.37.1** "GP Hourly Plan" means the Georgia-Pacific LLC Hourly 401(k) Plan.

**2.37.2** "GP Salaried Plan" means the Georgia-Pacific LLC 401(k) Retirement Savings Plan.

**2.37.3** "Koch Plan" means the Koch Industries Inc. Employees' Savings Plan.

**2.38**   "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 4.

**2.39**   "Released Claims" means any and all claims, actions, demands, rights, obligations, duties, liabilities, damages, fees (including but not limited to attorneys' fees), expenses, costs, penalties and causes of action  whether arising under federal, state, or local law and whether by statute, contract, law or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, against any of the Released Parties with respect to any of the Plans arising on or before December 31, 2020:

> **2.39.1**   That (a) were asserted or could have been asserted in the Action (including any assertion set forth in the Third Amended Complaint or any of the prior complaints), or (b) that are based on generally the same factual predicate as any of the claims in the Third Amended Complaint, and, as to (a) and (b), include but are not limited to those that arise out of, relate to, are based on, or have any connection with (i) the selection, oversight, retention or performance of Alight Solutions LLC (formerly known as Hewitt Associates) ("Alight") or any affiliate thereof or predecessor thereof in connection with the Plans, or (ii) the amounts paid to, received by, charged by, or deducted for recordkeeping, administrative or other services provided by Alight or any affiliate or predecessor thereof, or any prior affiliate of such predecessor  that are related to the Plans;

> **2.39.2**   That would be barred by res judicata based on entry by the Court of the Final Approval Order;

9

**2.39.3**     That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Amount pursuant to the Plan of Allocation; or

**2.39.4**     That relate to the approval by the Independent Fiduciary of the Settlement Agreement.

Notwithstanding anything herein, the following shall not be included in the definition of Released Claims: (i) any claim to enforce the Settlement Agreement, (ii) an individual claim for wrongful denial of benefits from a Plan under 29 U.S.C. § 1132(a)(1)(B) that is not based, in whole or in part, on an assertion that the amount of such individual's account was lower due to conduct that falls into any of the categories is Paragraphs 2.39.1 - 2.39.4 above.

**2.40**     "Released Parties" means (a) each Defendant, and in connection with the Administrative Committee each person who currently serves or at any time during the Class Period served as a member of such Administrative Committee; (b) each of the Plans and any person who currently serves or at any time during the Class Period served as an administrator, fiduciary, party in interest (as the terms "Fiduciary" and "Party in Interest" are defined in ERISA) to any of the Plans and (c) with respect to (a) and (b) above, any of their shareholders, affiliates, subsidiaries, divisions, predecessors-in-interest, successors-in-interest, assigns, administrators, committees, officers, directors, partners, agents, managers, members, employees, representatives, attorneys, insurers, co-insurers, reinsurers, advisors, personal representatives, heirs, executors, administrators, associates, trustees, custodians, and all persons acting under, by, through, or in concert with any of them.

**2.41**     "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.42**      "Settlement Administrator" means Analytics Consulting, LLC.

**2.43**      "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.44**      "Settlement Class" means the following class to be certified by the Court:

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

**2.45**      "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 11.

**2.46**      "Settlement Escrow Account" means the interest-bearing, escrow account to be established and maintained pursuant to Article 5 herein.

**2.47**      "Settlement Notices" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail by the Settlement Administrator to Class Members following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibits 1 and 2, including the Notice of Class Action Settlement and Fairness Hearing to Current Participants, and the Notice of Class Action Settlement and Fairness Hearing to Former Participants, respectively.

**2.48**      "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

**2.49**      "Settlement Website" means the internet website established pursuant to Paragraph 12.1.

**2.50**      "Settling Parties" means Defendants and the Class Representatives, on behalf of themselves and each of the Class Members.

11

### 3.  ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

3.1     The Independent Fiduciary shall be retained by Koch or by the Administrative Committee, on behalf of the Plans, to determine whether to approve and authorize the settlement of the Released Claims on behalf of the Plans.

3.1.1   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in its evaluation for the purpose of Koch's reliance on PTE 2003-39.

3.1.2   The Independent Fiduciary shall notify Koch, or the Administrative Committee, of its evaluation in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

3.1.3   All fees and expenses associated with the Independent Fiduciary's retention and evaluation will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

3.1.4   Koch, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with any information reasonably requested by the Independent Fiduciary, so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

3.2     On or before July 12, 2021, the Class Representatives, through Class Counsel, shall file with the Court a motion (i) seeking preliminary approval of this Settlement Agreement, and for entry of the Preliminary Approval Order identical in all material respects to the form attached hereto as Exhibit 4, and (ii) for purposes of this Settlement only, conditional certification of the

12

Settlement Class. Plaintiffs will seek certification of the Settlement Class as a non-opt out class under Rule 23(b)(1). Defendants shall not take any position with respect to certification of the Settlement Class only for the limited purpose of effectuating this Settlement. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. If this Agreement is terminated, or is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be mad for any purpose. Defendants reserve all rights to object to class certification in the Action in all other contexts and for all other purposes.

**3.3** Within sixty (60) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1** Cause to be mailed to each Class Member a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 1 and 2, to Current Participants and Former Participants. The Settlement Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member on record for the Plans, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses. The Settlement Administrator also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

**3.3.2**   Cause the Former Participant Rollover Form, which shall be in substantially the form attached as Exhibit 3 to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4**   Defendants shall, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Approval Order, have prepared and provided CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.

## 4.   ARTICLE 4 – FINAL SETTLEMENT APPROVAL

**4.1**   No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel and Defense Counsel shall submit to the Court a mutually agreeable motion for entry of the Final Approval Order (Exhibit 5), which shall request final approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and the Plans' governing documents:

**4.1.1**   For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Class Members, and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**   For a determination that mailing the Settlement Notices constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness

Hearing and the rights of all Class Members was provided, consistent with Federal Rule of Civil Procedure 23 and the requirements of due process;

**4.1.3**    For dismissal with prejudice of the Action and all Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4**    That the Class Representatives and each Class Member and their respective heirs, Alternate Payees, Beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns ("Class Releasors"), shall as of the Effective date of the Settlement be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member or Class Releasor may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**4.1.5**    That the Plans, and any participant or any other person acting on behalf of such Plans, shall as of the Effective date of the Settlement be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released

Claims, even if the Plans or any Class Member or other person on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

      **4.1.6**   That all applicable CAFA requirements have been satisfied;

      **4.1.7**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Former Participant pursuant to the Plan of Allocation approved by the Court; and

      **4.1.8**   That the Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

    **4.2**   The Final Approval Order entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and each of the Plans shall be bound by the Settlement Agreement and by the Final Approval Order.

## 5.   ARTICLE 5 – ESTABLISHMENT OF SETTLEMENT ESCROW ACCOUNT AND PAYMENT OF GROSS SETTLEMENT AMOUNT

    **5.1**   No later than fifteen (15) Business Days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a segregated Settlement Escrow Account, in the form of an escrow account at The Northern Trust Company.   The Settling Parties agree that the Settlement Escrow Account is intended to be an interest-bearing "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (the "QSF"). In addition, the Settlement Administrator shall reasonably endeavor to timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in

compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documents for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2     For the purpose of § 468B of the Internal Revenue code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Escrow Account shall be the Settlement Administrator. The Settlement Administrator shall timely and properly cause to be filed all informational and other tax returns or notices necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Escrow Account and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3.

5.3     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount or any portion thereof does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without

limitation, expenses of tax attorneys and/or accountants relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves necessary to pay for any taxes and tax expenses and to timely file and issue, or properly cause to be filed or issued, all appropriate tax forms; neither Defendants, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefore. The Settling Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within twenty (20) Business Days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Settlement Administrator shall have furnished to Koch all necessary wiring instructions, as well as a current IRS Form W-9 of the QSF, Koch shall deposit $1,700,000.00 into the Settlement Escrow Account.

5.5     Within ten (10) Business Days after (i) the Settlement becomes Effective, (ii) the Settlement Administrator has completed all Entitlement Amount calculations in accordance with and as set forth in Paragraph 6.4, and (iii) all Attorneys' Fees and Costs approved by the Court, Class Representatives' Compensation approved by the Court, and Independent Fiduciary Fees and Costs have been paid, Koch shall pay into the Settlement Escrow Account any additional sum so that its total payments, plus the portion of the Entitlement Amount to be paid to Settlement Class Members in connection with their Excess Deduction Score, equals the Gross Settlement Amount.

18

As soon as practical thereafter the remaining amount in the Settlement Escrow Account, less any contingency reserve for certain Administrative Expenses, shall be transferred into a sub-account (or accounts) in the name of the Plans within the Master Trust, and the remainder of the Gross Settlement Amount shall be deposited or transferred into such sub-account (or accounts), consistent with Paragraph 2.30.

**5.6**     In no event shall Koch or any of the Defendants be required to make payments or incur any expenses in excess of those required by this Settlement Agreement. Koch shall not be obligated to make any other payments in connection with this Settlement including but not limited to any payments that any of the Class Representatives or Class Members may claim they are entitled to under the Plans as a result of this Settlement or any Class Representatives' or Class Members' recovery under this Settlement.

**5.7**     The Settlement Administrator shall invest the Settlement Escrow Account in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.8**     The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.9**     Within one hundred twenty (120) calendar days of the Settlement Effective Date, the Net Settlement Amount will be distributed pursuant to the Plan of Allocation.

19

**5.10**     The Settlement Administrator shall be responsible for making provision for the payment from the Gross Settlement Amount of all taxes and tax expenses, if any, owed with respect to the Gross Settlement Amount and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, in connection with this Settlement.

**5.11**     No later than February 15 of the year following the calendar year in which Koch or its agents make a transfer to the Settlement Escrow Account pursuant to the terms of Article 5, Koch or its agents shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Koch or its agents make a transfer to the Settlement Escrow Account.

## 6.     ARTICLE 6 – PLAN OF ALLOCATION

**6.1**     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Former Participants as set forth in Paragraph 6.6 below, and to be allocated and distributed to the accounts of Current Participants as set forth in Paragraph 6.5 below, both in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2**     To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or a Former Participant, or a Beneficiary or Alternate Payee of such a person. Current Participants shall receive their settlement payments as an addition to their account(s) in the applicable Plan, as provided for in Paragraph 6.5 below, unless, as of the date of their

settlement payments, they no longer have an Active Account in the Plan, in which case they shall be treated as Former Participants. Former Participants shall receive their settlement payments in the form of tax-qualified rollovers to an individual retirement account or other eligible employer plan or in the form of checks, as provided in Paragraph 6.6 below.

6.3    Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement under the Plans as beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. Any Beneficiaries and Alternate Payees with Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Current Participants. Beneficiaries and Alternate Payees who do not have Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.4    **Calculation of Settlement Payments**. Payments to each Class Member shall be calculated by the Settlement Administrator as follows, based on information it maintains as the Plans' recordkeeper:

6.4.1.  For each Class Member, the Settlement Administrator shall determine a Settlement Allocation Score, which shall be the sum of their Excess Deduction Score and Excess Recordkeeping Rate Score calculated, as follows:

21

**6.4.1.1.** The Excess Deduction Score shall be the Deduction Amount for recordkeeping services for each calendar year that the Class Member was a participant in one of the Plans, minus the Disbursement Amount for such Plan in which the Class Member participated each such year, totaled over the entire Class Period. For calendar years that partially fall within the Class Period or calendar years in which the Class Member participated for only a portion of the year, the score for that year shall be prorated on a monthly basis based on the number of month-ending dates within that calendar year within the Class Period in which the Class Member had an account balance, divided by twelve.

**6.4.1.2.** The Excess Recordkeeping Rate Score shall be the Base Recordkeeping Rate for each calendar year that the Class Member was a participant in one of the Plans, minus $35.00 for each such year, totaled over the entire Class Period. For calendar years that partially fall within the Class Period or calendar years in which the Class Member participated for only a portion of the year, the score for that year shall be prorated on a monthly basis based on the number of month-ending dates within that calendar year within the Class Period in which the Class Member had an account balance, divided by twelve.

**6.4.2.** The Settlement Administrator shall determine each Class Member's Entitlement Amount by calculating each individual's pro rata share of the Net Settlement Amount, based on his or her Settlement Score compared to the sum of all Class Members' Settlement Scores.

**6.4.3.** The aggregate of all Entitlement Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that

22

aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator shall make such pro rata or other reasonable changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

**6.4.4.** In calculating the final Entitlement Amount, the Settlement Administrator also shall calculate the portion of the Entitlement Amount to be paid to Settlement Class Members in connection with their Excess Deduction Score, which shall not exceed $2,300,000.

**6.5** **Payments to Current Participants.** Current Participants (and their eligible Beneficiaries and Alternate Payees with Active Accounts) will automatically receive a settlement payment to their Plan account.

**6.5.1** As soon as practicable after the Settlement Effective Date once the Settlement Administrator has completed all payment calculations for all Current Participants to determine their share of the Net Settlement Amount, the Settlement Administrator will provide Koch (or its designee), in a format and via a delivery method mutually agreed upon by the Settlement Administrator and Koch, with an Excel spreadsheet containing the name, the amount of the settlement payment for each of the Current Participants (and their eligible Beneficiaries and Alternate Payees with Active Accounts), and any other information requested by Koch.

**6.5.2** As soon as practicable after this information is provided and the Gross Settlement Amount is fully funded pursuant to Paragraph 5.5, the Settlement Administrator shall promptly thereafter credit the individual Active Account(s) of each Current Participant (and their eligible Beneficiaries and Alternate Payees with Active Accounts) in

an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant (or eligible Beneficiary or Alternate Payee).

    **6.5.3**   The Plans may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

    **6.5.4**   If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant (or eligible Beneficiary or Alternate Payee) no longer has an Active Account, he or she will be treated as a Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Paragraph 6.6.

**6.6**    **Payments to Former Participants**. Former Participants will be required to submit a Former Participant Rollover Form in order to receive a settlement payment via rollover. Each Former Participant who does not submit a valid and complete Former Participant Rollover Form within 90 days of the date that Settlement Notices are initially mailed will receive his or her settlement payment via check as specified in Paragraph 6.6.3.

    **6.6.1**   Each Former Participant (or the Beneficiaries or Alternate Payees of Former Participants without Active Accounts) will have the opportunity to elect a tax-qualified rollover of his or her pro-rata share of the Net Settlement Amount to an individual retirement account or other eligible employment plan, which he or she has identified on the Former Participant Rollover Form, provided that the Former Participant supplies adequate information to the Settlement Administrator to effect the rollover.

    **6.6.2**   For each Former Participant (or Beneficiary or Alternate Payee without an Active Account) who has supplied adequate information for the Settlement Administrator to effect a rollover, upon completing the calculation of each Class Member's pro-rata share

24

of the Net Settlement Amount and no later than one hundred twenty (120) calendar days following the Settlement Effective Date and the Gross Settlement Amount becoming fully funded pursuant to Paragraph 5.5, the Settlement Administrator shall effect a rollover to the individual retirement account or other eligible employer plan elected by each such Former Participant, or eligible Beneficiary or Alternate Payee, in his or her Former Participant Rollover Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the rollover. If the Settlement Administrator is unable to effectuate the rollover instructions of any Former Participant, Beneficiary or Alternate Payee as provided in his or her Former Participant Rollover Form, he or she will receive his or her settlement payment via check as specified in Paragraph 6.6.3.

6.6.3    For each Former Participant (or Beneficiary or Alternate Payee without an Active Account) who has elected to receive a check, has not submitted a Former Participant Rollover Form, or has submitted a Former Participant Rollover Form but has not provided adequate information for the Settlement Administrator to effect a rollover, upon completing the calculation of each Class Member's pro-rata share of the Net Settlement Amount and no later than one hundred twenty (120) calendar days following the Settlement Effective Date and the Gross Settlement Amount becoming fully funded pursuant to Paragraph 5.5, the Settlement Administrator shall issue or caused to be issued a check to each such Former Participant (or Beneficiary or Alternate Payee without an Active Account) in the amount equaling his or her pro-rata share of the Net Settlement Amount.

6.7    Upon request by a Settling Party after completing all aspects of this Plan of Allocation, the Settlement Administrator provide one or more affidavits stating the following: (a) the name of each person to whom the Settlement Administrator sent the Settlement Notice (and

the Former Participant Rollover Form, if applicable) and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice (and the Former Participant Rollover Form, if applicable); (c) the name of each person whose Settlement Notice and/or Former Participant Rollover Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Rollover Form for each such person; (e) the name of each Former Participant (or Beneficiary or Alternate Payee of a Former Participant) who submitted a Former Participant Rollover Form on or before the applicable deadline; and (f) the name of each person to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**6.8**     The Settling Parties acknowledge that any payments to Class Members (or eligible Beneficiaries or Alternate Payees) or their attorneys may be subject to applicable tax laws. Koch, Defense Counsel, Class Counsel, and the Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed or caused to be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

**6.9**     Each Class Member (or Beneficiary or Alternate Payee) who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and

26

all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.10    All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to a trust account at the applicable Plan.

6.11    No sooner than thirty (30) calendar days following the end of the Settlement Period, any monies remaining after distributions, costs, taxes, and expenses (including reporting obligations), shall revert to the Plans for the purpose of defraying future administrative fees and expenses of the Plans.

6.12    The Net Settlement Amount to be allocated and distributed to Former Participants and to the Plans for distribution to the Current Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

7.    **ARTICLE 7 – PROSPECTIVE RELIEF**

7.1    Defendants shall issue a new request for proposals for recordkeeping services for the Plans within one hundred eighty (180) days of the Settlement Effective Date.

**8.   ARTICLE 8 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVES' COMPENSATION**

**8.1**   Class Counsel may file a motion for an award of Attorneys' Fees and Costs, and Administrative Expenses, at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Class Representatives may also seek an award of Class Representatives' Compensation. Any such awards shall be paid out of the monies deposited by Koch in connection with the Settlement.

**8.2**   The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, so long as the requested Attorneys' Fees do not exceed one-fourth of the Gross Settlement Amount ($1,000,000) and the requested Class Representative Compensation does not exceed $5,000 per Class Representative.

**9.   ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE**

**9.1**   As of the Settlement Effective Date, the Plans and all Class Members (and their respective heirs, beneficiaries, Alternate Payees, fiduciaries, trustees, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, participants, and assigns) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and all Released Parties from the Released Claims.

**9.2**   As of the Settlement Effective Date, the Class Members and the Plans (and any fiduciary or other person acting on behalf of the Plans) acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, or assert in any

28

action or proceeding (including, but not limited to, the making of any complaints or claims or inquiries to any administrative department or agency), any cause of action , demand, or claim on the basis of, connected with, or arising out of any Released Claims against any of the Released Parties.

**9.3**    The Class Representatives, Class Counsel, the Plans, any fiduciaries or participants or other persons acting on behalf of the Plans, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims against the Released Parties. The Class Members and the Plans acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**9.4**    Upon the Effective date of the Final Approval Order, the Class Representatives, Class Members, and the Plans shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims including specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party
> does not know or suspect to exist in his or her favor at the time of executing the

29

release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members with respect to the Released Claims shall, upon the Effective Approval Order, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

10.   **ARTICLE 10 – REPRESENTATIONS AND WARRANTIES**

10.1    The Settling Parties represent:

10.1.1   That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

10.1.2    That they assume the risk of mistake as to facts or law;

10.1.3    That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

10.1.4    That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

10.1.5   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

30

**10.2**    Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**11.    ARTICLE 11 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**11.1**    The Settlement Agreement may be terminated by a Settling Party, and thereby become null and void with no further force or effect, if:

**11.1.1**    Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or Koch or the Administrative Committee reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties acting reasonably do not mutually agree to modify the terms of the Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2**    This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**11.1.3**    The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreeable to the Settling Parties; or

**11.1.4**    The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications;

**11.2**     If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Action and the Released Claims asserted by the Class Representatives and Class Members shall for all purposes revert to the status quo, as though the Settling Parties never executed the Settlement Agreement.

**11.3**     It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation.

**11.4**     In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be split evenly and paid by Class Counsel, on the one hand and Koch, on the other hand.

**12.     ARTICLE 12 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT**

**12.1**     On or before the date that the Settlement Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Complaint, Settlement Agreement and Exhibits thereto, Settlement Notices, Former Participant Rollover Form, Preliminary Approval Order and any other Court orders related to the Settlement, and any other documents or information mutually-agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

**12.2**    On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

**13.    ARTICLE 13 – GENERAL PROVISIONS**

**13.1**    The undersigned counsel, on behalf of themselves and the Settling Parties, agree to cooperate fully with each other in seeking Court approval of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

**13.2**    The Class Representatives, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any of the Defendants, or any other party, of any wrongdoing, fault, or liability whatsoever, and Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in the Action.

**13.3**    Neither the Defendants, the Released Parties, the Class Representatives, Class Counsel, nor Defense Counsel shall have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the engagement and determination of the Independent Fiduciary; (iii) the Plan of Allocation as approved by the Court; (iv) the payment or withholding of any taxes, expenses, and/or costs

incurred in connection with the taxation of the of the Gross Settlement Amount or Settlement Escrow Account (or income earned on the Settlement Escrow Account), or any tax reporting or filing of any returns.

    **13.4**    Class Counsel, Defense Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

    **13.4.1** If Class Counsel, Defense Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party, including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

    **13.4.2** Within ten (10) business days after receiving the notice described in Paragraph 13.4.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

    **13.4.3** For a period of not more than ten (10) business days following mailing of the response described in Paragraph 13.4.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

    **13.4.4** If the dispute is not resolved during the period described in Paragraph 13.4.3, either party may request that the Court resolve the dispute;

13.4.5 In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

13.5     The Settling Parties agree that the Court has personal jurisdiction over the Class Representatives, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

13.6     The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

13.7     Each Settling Party to this Settlement Agreement hereby acknowledges that they have consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by their counsel.

13.8     Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.9**    This Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

**13.10**    This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.11**    The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.12**    Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**13.13**    All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 3 – Former Participant Rollover Form; Exhibit 4 – Preliminary Approval Order; Exhibit 5 – Final Approval Order.

**13.14**    No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.15**  Within sixty (60) calendar days after the Settlement Effective Date, the Settling Parties, Class Counsel, and Defense Counsel shall either return to the producing parties, or destroy, all documents produced under a claim of confidentiality in accordance with the Confidentiality Agreement Regarding Use of Information Provided in Informal Discovery executed on January 29, 2021 ("Confidentiality Agreement"), including but not limited to documents produced under a claim of privilege.  The Settling Parties, Class Counsel, and Defense Counsel agree that at all times they will honor the requirements of the Confidentiality Agreement, notwithstanding the Settlement of this Action.

**13.16**  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE CLASS REPRESENTATIVES:

> Kai Richter (krichter@nka.com)
> Paul Lukas (Lukas@nka.com)
> NICHOLS KASTER, PLLP
> 4700 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

IF TO DEFENDANTS:

> Evan Miller (emiller@jonesday.com)
> Miguel F. Eaton (meaton@jonesday.com)
> JONES DAY
> 51 Louisiana Ave, N.W.
> Washington, D.C. 20001

With a copy to:

> Josh Wiersma (joshua.wiersma@kochps.com)

37

Senior Counsel – Litigation
4111 East 37th Street North
Wichita, Kansas 67229

* * *

SIGNED ON BEHALF OF CLASS REPRESENTATIVES, Individually and as Representatives

of the Class:

Dated: July 12, 2021
_____        _____

                                        Kai Richter
                                        NICHOLS KASTER, PLLP
                                        4700 IDS Center
                                        80 South 8th Street
                                        Minneapolis, MN 55402
                                        Telephone: (612) 256-3200
                                        Facsimile: (612) 256-6870

                                        *Attorney for the Class Representatives and
                                        the Class*

SIGNED ON BEHALF OF ALL DEFENDANTS:

Dated: July 12, 2021
                                        _____

                                        Evan Miller
                                        JONES DAY
                                        51 Louisiana Ave, N.W.
                                        Washington, D.C. 20001
                                        Telephone: (202) 879-3939
                                        Facsimile: (202) 626-1700

                                        *Attorney for Defendants*

38

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan,<br><br>                    Plaintiffs,<br><br>v.<br><br>Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30,<br><br>                    Defendants. | Case No. 1:20-cv-02973-MHC |

## <u>NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING</u>

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

**This is a notice of a proposed class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

- The Court has given its preliminary approval to a proposed class action settlement (the "Settlement"), in a lawsuit brought by certain participants in the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (collectively, the "Plans") against Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in relation to the management of the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for payment of a Gross Settlement Amount of $4,000,000 ("Gross Settlement Amount") to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Attorneys' Fees and Costs, Administrative Expenses, and Class

Representatives' Compensation to the Named Plaintiffs. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

- Settlement Class Members with a positive balance in their Plan account as of [the date of the Court's Preliminary Approval Order] (referred to herein as "Current Participants") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Settlement Class Members who participated in the Plans during the Class Period but who do not have an Active Account as of [the date of the Court's Preliminary Approval Order] (referred to herein as "Former Participants") will receive their settlement payment in the form of a check, or in the form of a rollover to an individual retirement account or other tax-qualified employer benefit plan if they elect a rollover.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither the Defendants nor any employees, attorneys, or representatives of the Defendants may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Mark H. Cohen, United States District Court for the Northern District of Georgia, 1921 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 1905, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, must be served in writing on Class Counsel and the Defendants' counsel, as identified on page 8 of this Settlement Notice, at least 21 calendar days before the Fairness Hearing.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A CURRENT PARTICIPANT. IF SO, YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT.** | Our records indicate that you are a Current Participant. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a Former Participant who no longer has a Plan account with a positive balance, or are the beneficiary or alternate payee of a Former Participant, then you may submit a Former Participant Rollover Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount via rollover. If you are a Former Participant and you do not mail the Former Participant Rollover Form by the above deadline, you will receive your share of the Net Settlement Amount via check. If you believe you are a Former Participant, a rollover form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | You cannot opt out of this Settlement.  But, if you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, you may do so.  You must submit your objection and any supporting documents to Class Counsel and the Defendants' counsel (as identified on page 8 below) at least 21 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. Please note that you will not be permitted to make an objection to the Settlement at the hearing if you do not comply with the requirements for making objections. |

### The Class Action

The above-referenced lawsuit, *David Kinder, et al. v. Koch Industries, Inc., et al.*, No. 1:20-cv-02973-MHC (N.D. Ga.) (the "Action" or "lawsuit"), has been pending since July 16, 2020. The Court supervising the case is the United States District Court for the Northern District of Georgia. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives, David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, are current and former participants in the Plans. The Defendants are Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee (now known as the Koch Industries, Inc. and Affiliated Companies Administrative Committee). The claims in the lawsuit are described below on page 5, and additional information about them, including a copy of the operative Third Amended Complaint, is available at [www.settlementwebsite.com].

### The Settlement

Following mediation before  an experienced, neutral mediator, and negotiations between Class Counsel and Defendants' counsel, the parties to this lawsuit reached a Settlement. The Settlement will provide, among other things, for a combined Gross Settlement Amount of

$4,000,000 to be paid to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

In addition, the Settlement provides that Defendants shall issue a new request for proposals for recordkeeping services for the Plans within one hundred eighty (180) days of the Settlement Effective Date.

**<u>Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation Sought in the Class Action</u>**

Class Counsel has devoted substantial time and effort to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-fourth of the Gross Settlement Amount ($1,000,000.00). In addition, Class Counsel also will seek to recover their litigation costs and recoverable administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Gross Settlement Amount. Class Counsel also will ask the Court to approve a payment, not to exceed $5,000, for each of the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case against the Defendants to a conclusion. Any Class Representatives' Compensation approved by the Court will also be paid from the Gross Settlement Amount.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

| 1.   Why Did I Receive This Settlement Notice? |
| --- |

The Settlement Administrator has caused this Notice to be sent to you because its records indicate that you may be a Current Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement.

**2.   What Is the Class Action About?**

In the Class Action, the Class Representatives claim that the Defendants failed to prudently monitor and control the Plans' recordkeeping expenses and allowed class members to be charged amounts in excess of what similarly sized plans would have paid for such services. Specifically, the Class Representatives claim that the recordkeeping expenses charged to the Plans were unreasonable and that Defendants deducted excess fees from Class Members' accounts for recordkeeping costs. The Defendants have denied and continue to deny liability as to all claims and assert that they have always acted prudently and in keeping with their fiduciary duties under ERISA by monitoring, reviewing, and evaluating the recordkeeping expenses paid by the Plans and by ensuring the Plans and Plan participants paid reasonable fees for all recordkeeping services provided to the Plans.

**3.   Why Is There A Settlement?**

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Defendants have agreed to the Settlement. The Settlement is the product of arm's length negotiations between the Class Representatives, the Defendants, and their counsel, who were assisted in their negotiations by a neutral, experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

**4.   What Does the Settlement Provide?**

As part of the Settlement, a Gross Settlement Amount of $4,000,000 is being paid to resolve the claims in the Action. Class Members are eligible to receive a pro rata share of the Net Settlement Amount remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Named Plaintiffs. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participants who are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that Defendants shall issue a new request for proposals for recordkeeping services for the Plans within one hundred eighty (180) days of the Settlement Effective Date.

In exchange for the foregoing monetary and prospective relief, all Settlement Class Members and anyone claiming through them will fully release the Defendants and other Released Parties from the Released Claims, as defined in the Settlement Agreement. The Released Parties include the Plans, each Defendant, each individual Administrative Committee member, and certain related

parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to any of the Plans arising on or before December 31, 2020 that were asserted in the Action or could have been asserted in the Action, or that are based on the same factual predicate, including those that arise out of, relate to, are based on, or have any connection with (i) the selection, oversight, retention or performance of the Plans' recordkeeper, Alight Solutions, LLC, or (ii) the amounts paid to, received by, charged by, or deducted for recordkeeping, administrative or other  services provided by the Plans' recordkeeper or its affiliates that are related to the Plans. In addition, the Released Claims also include certain other claims as set forth in the Settlement Agreement.

This is *only* a summary of the Released Parties and Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as described on page 2; or (2) a "Former Participant" as described on page 2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately XX,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and eligible Beneficiaries and Alternate Payees) based on their Settlement Allocation Score in relation to other Class Members. The Settlement Allocation Score takes into account: (1) the amount of fees deducted from Class Members in excess of the Disbursement Amount paid by the Plans for recordkeeping services; and the (2) the base amount, if any, that the Plans paid for recordkeeping services in excess of the current Base Recordkeeping Rate of $35.00 in a given year. A more complete description regarding the details of the Plan of Allocation can be found in Article 6 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 6.  How Can I Receive My Distribution?

**According to our records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Net Settlement.** If this is not correct, you should contact the Settlement Administrator to obtain a Former Participant Rollover Form, if you wish to elect a rollover to an individual retirement account or other tax-qualified retirement account. The Former Participant Rollover Form will explain the steps necessary to receive your distribution via rollover. You may also obtain the Former Participant Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. If you are a Former Participant but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

If you are considered a Current Participant because you had a Plan account with a balance greater than $0.00 as of the date of the Court's Preliminary Approval Order, but it is determined that you no longer have a Plan account balance greater than $0.00 when the Settlement proceeds are distributed to Settlement Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at [mailing address].

| 7.  When Will I Receive My Distribution? |
| --- |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately six months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

| 8.  Can I Get Out of The Settlement? |
| --- |

No. The Settlement Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Defendants' counsel about why you object to the Settlement, as discussed below.

| 9.  Who Represents the Settlement Class? |
| --- |

For purposes of the Settlement, the Court has appointed Nichols Kaster, PLLP, Austin & Sparks, P.C., and the Sanford Law Firm as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed the named Plaintiffs, David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, to serve as the Class Representatives. They are also Settlement Class Members.

| 10. How Will the Lawyers Be Paid? |
| --- |

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-fourth of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and recoverable administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $5,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representatives' Compensation that

will be awarded, if any. Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be posted on the Settlement Website at www.settlementwebsite.com, will also be available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be obtained in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to the Defendants' counsel (as identified below) that explains why you object.

Your written objection must: (1) clearly identify the case name and number: *David Kinder, et al. v. Koch Industries, Inc., et al.*, No. 1:20-cv-02973-MHC (N.D. Ga.); (2) include your full name, current address, and telephone number; (3) describe the basis for your objection; and (4) include your signature.

Your written objection and supporting documents must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Defendants' counsel as set forth below **no later than [21 days prior to Fairness Hearing]** to be considered. Class Counsel and the Defendants will have an opportunity to respond to your objection.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Kai Richter<br>Paul Lukas<br>NICHOLS KASTER, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Evan Miller<br>Miguel F. Eaton<br>JONES DAY<br>51 Louisiana Ave, N.W.<br>Washington, D.C. 20001 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at United States District Court for the Northern District of Georgia, 1921 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 1905. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

**14. May I Speak at The Fairness Hearing?**

Yes, but you must comply with the requirements for making an objection (described above) if you wish to object to the Settlement. If you do not comply with the requirements for making an objection, you will not be permitted to object at the Fairness Hearing.

**15. What Happens If I Do Nothing at All?**

**If you are a "Current Participant" as described on pages 2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount as a deposit to your Plan account if the Settlement is finally approved**. If you are a "Former Participant" as described on page 2, and you do nothing, and the Settlement is finally approved, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not timely submit a rollover form.

**16. How Do I Get More Information?**

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Please note that neither Koch nor any employees, attorneys, or representatives of Koch may advise you regarding the Settlement or how you should proceed.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan,<br><br>      Plaintiffs,<br><br>v.<br><br>Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30,<br><br>      Defendants. | Case No. 1:20-cv-02973-MHC |

<u>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**</u>

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

**This is a notice of a proposed class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

- The Court has given its preliminary approval to a proposed class action settlement (the "Settlement"), in a lawsuit brought by certain participants in the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (collectively, the "Plans") against Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in relation to the management of the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for payment of a Gross Settlement Amount of $4,000,000 ("Gross Settlement Amount") to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Attorneys' Fees and Costs, Administrative Expenses, and Class

Representatives' Compensation to the Named Plaintiffs. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

- Settlement Class Members with a positive balance in their Plan account as of [the date of the Court's Preliminary Approval Order] (referred to herein as "Current Participants") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Settlement Class Members who participated in the Plans during the Class Period but who do not have an Active Account as of [the date of the Court's Preliminary Approval Order] (referred to herein as "Former Participants") will receive their settlement payment in the form of a check, or in the form of a rollover to an individual retirement account or other tax-qualified employer plan if they elect a rollover. **A Former Participant Rollover Form allowing you to elect to receive your distribution in the form of a rollover is attached to this Notice**.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them  in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither the Defendants nor any employees, attorneys, or representatives of the Defendants may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Mark H. Cohen, United States District Court for the Northern District of Georgia, 1921 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 1905, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, must be served in writing on Class Counsel and the Defendants' counsel, as identified on page 8 of this Settlement Notice, at least 21 calendar days before the Fairness Hearing.

2

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT. IF SO, YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT BY CHECK UNLESS YOU TIMELY SUBMIT A ROLLOVER FORM** | Our records indicate that you are a Former Participant. You do not need to do anything to receive your share of the Net Settlement Amount by check. However, if you wish to receive your share of the Net Settlement Amount via rollover to an individual retirement account or another tax-qualified plan, then you must submit a Former Participant Rollover Form postmarked on or before [DATE]. A Former Participant Rollover Form is attached to this Notice, and may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | You cannot opt out of this Settlement.  But, if you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, you may do so. You must submit your objection and any supporting documents to Class Counsel and the Defendants' counsel (as identified on page 8 below) at least 21 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. Please note that you will not be permitted to make an objection to the Settlement at the hearing if you do not comply with the requirements for making objections. |

## The Class Action

The above-referenced lawsuit, *David Kinder, et al. v. Koch Industries, Inc., et al.*, No. 1:20-cv-02973-MHC (N.D. Ga.) (the "Action" or "lawsuit"), has been pending since July 16, 2020. The Court supervising the case is the United States District Court for the Northern District of Georgia. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives, David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, are current and former participants in the Plans. The Defendants are Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee (now known as the Koch Industries, Inc. and Affiliated Companies Administrative Committee). The claims in the lawsuit are described below on page 5, and additional information about them, including a copy of the operative Third Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following mediation before an experienced, neutral mediator, and negotiations between Class Counsel and Defendants' counsel, the parties to this lawsuit reached a Settlement. The Settlement will provide, among other things, for a combined Gross Settlement Amount of $4,000,000 to be paid to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. The Net Settlement

Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

In addition, the Settlement provides that Defendants shall issue a new request for proposals for recordkeeping services for the Plans within one hundred eighty (180) days of the Settlement Effective Date.

### Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation Sought in the Class Action

Class Counsel has devoted substantial time and effort to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-fourth of the Gross Settlement Amount ($1,000,000.00). In addition, Class Counsel also will seek to recover their litigation costs and recoverable administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Gross Settlement Amount. Class Counsel also will ask the Court to approve a payment, not to exceed $5,000, for each of the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case against the Defendants to a conclusion. Any Class Representatives' Compensation approved by the Court will also be paid from the Gross Settlement Amount.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

| 1. Why Did I Receive This Settlement Notice? |
|---|

The Settlement Administrator has caused this Notice to be sent to you because its records indicate that you may be a Former Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement.

| 2. What Is the Class Action About? |
|---|

In the Class Action, the Class Representatives claim that the Defendants failed to prudently monitor and control the Plans' recordkeeping expenses and allowed class members to be charged amounts in excess of what similarly sized plans would have paid for such services. Specifically, the Class Representatives claim that the recordkeeping expenses charged to the Plans were unreasonable and that Defendants deducted excess fees from Class Members' accounts for recordkeeping costs. The Defendants have denied and continue to deny liability as to all claims and assert that they have always acted prudently and in keeping with their fiduciary duties under ERISA by monitoring, reviewing, and evaluating recordkeeping expenses paid by the Plans and ensuring the Plans paid reasonable fees for all recordkeeping services provided to the Plans.

## 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Defendants have agreed to the Settlement. The Settlement is the product of arm's length negotiations between the Class Representatives, the Defendants, and their counsel, who were assisted in their negotiations by a neutral, experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

## 4.   What Does the Settlement Provide?

As part of the Settlement, a Gross Settlement Amount of $4,000,000 is being paid to resolve the claims in the Action. Class Members are eligible to receive a pro rata share of the Net Settlement Amount remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Named Plaintiffs. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participants who are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that Defendants shall issue a new request for proposals for recordkeeping services for the Plans within one hundred eighty (180) days of the Settlement Effective Date.

In exchange for the foregoing monetary and prospective relief, all Settlement Class Members and anyone claiming through them will fully release the Defendants and other Released Parties from the Released Claims, as defined in the Settlement Agreement. The Released Parties include the Plans, each Defendant, each individual Administrative Committee member, and certain related parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to any of the Plans arising on or before December 31, 2020 that were asserted in the Action or could have been asserted in the Action, or that are based on the same factual predicate, including those that arise out of, relate to, are based on, or have any

connection with (i) the selection, oversight, retention or performance of the Plans' recordkeeper, Alight Solutions, LLC, or (ii) the amounts paid to, received by, charged by, or deducted for recordkeeping, administrative or other services provided by the Plans' recordkeeper or its affiliates that are related to the Plans. In addition, the Released Claims also include certain other claims as set forth in the Settlement Agreement.

This is *only* a summary of the Released Parties and Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement, which is available at [www.settlementwebsite.com].

| 5.   How Much Will My Distribution Be? |
| --- |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as described on page 2; or (2) a "Former Participant" as described on page 2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately XX,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and eligible Beneficiaries and Alternate Payees) based on their Settlement Allocation Score in relation to other Class Members. The Settlement Allocation Score takes into account: (1) the amount of fees deducted from Class Members in excess of the Disbursement Amount paid by the Plans for recordkeeping services; and the (2) the base amount, if any, that the Plans paid for recordkeeping services in excess of the current Base Recordkeeping Rate of $35.00 in a given year. A more complete description regarding the details of the Plan of Allocation can be found in Article 6 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

| 6.   How Can I Receive My Distribution? |
| --- |

According to our records, you are a Former Participant. **If you wish to receive your share of the Net Settlement Amount via rollover to an individual retirement account or other tax-qualified plan, then you must submit a Former Participant Rollover Form postmarked on or before [DATE].** A Former Participant Rollover Form is attached to this Notice and explains the steps necessary to receive your distribution via rollover. You may also obtain the Former Participant Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. If you are a Former Participant but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

| 7.   When Will I Receive My Distribution? |
| --- |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately six months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8.  Can I Get Out of The Settlement?

No. The Settlement Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Defendants' counsel about why you object to the Settlement, as discussed below.

## 9.  Who Represents the Settlement Class?

For purposes of the Settlement, the Court has appointed Nichols Kaster, PLLP, Austin & Sparks, P.C., and the Sanford Law Firm as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed the named Plaintiffs, David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, to serve as the Class Representatives. They are also Settlement Class Members.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-fourth of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and recoverable administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $5,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representatives' Compensation that will be awarded, if any. Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be posted on the Settlement Website at www.settlementwebsite.com, will also be available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be obtained in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to the Defendants' counsel (as identified below) that explains why you object.

Your written objection must: (1) clearly identify the case name and number: *David Kinder, et al. v. Koch Industries, Inc., et al.*, No. 1:20-cv-02973-MHC (N.D. Ga.); (2) include your full name, current address, and telephone number; (3) describe the basis for your objection; and (4) include your signature.

Your written objection and supporting documents must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Defendants' counsel as set forth below **no later than [21 days prior to Fairness Hearing]** to be considered. Class Counsel and the Defendants will have an opportunity to respond to your objection.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Kai Richter<br>Paul Lukas<br>NICHOLS KASTER, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Evan Miller<br>Miguel F. Eaton<br>JONES DAY<br>51 Louisiana Ave, N.W.<br>Washington, D.C. 20001 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at United States District Court for the Northern District of Georgia, 1921 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 1905. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes, but you must comply with the requirements for making an objection (described above) if you wish to object to the Settlement. If you do not comply with the requirements for making an objection, you will not be permitted to object at the Fairness Hearing.

| **15. What Happens If I Do Nothing at All?** |
| --- |

**If you are a "Former Participant" as described on page 2, and you do nothing, and the Settlement is finally approved, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not timely submit a rollover form.** If you are a "Current Participant" as described on page 2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount as a deposit to your Plan account if the Settlement is finally approved.

| **16. How Do I Get More Information?** |
| --- |

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Please note that neither Koch nor any employees, attorneys, or representatives of Koch may advise you regarding the Settlement or how you should proceed.

# EXHIBIT 3

**Koch Plans' Settlement Administrator**
**[ADDRESS]**
**[www.settlementwebsite.com]**

## FORMER PARTICIPANT ROLLOVER FORM

JOHN Q CLASSMEMBER                        Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Settlement Class Members who are **Former Participants**, or the Beneficiaries or Alternate Payees of Former Participants of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (collectively, the "Plans"). A Former Participant is a Class Member who participated in the Plan(s) between July 16, 2014 and December 31, 2020 (referred to as the "Class Period"), but who no longer had an Active Account in the Plans at the time of the Court's order preliminarily approving the Settlement.

**Former Participants who would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail this form with a postmark on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER]**. Please review the instructions below carefully. **Former Participants who do not complete and timely return this form will receive their settlement payment by a check.** If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

**Koch Plans' Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**
**[PHONE NUMBER]**
www.settlementwebsite.com

*****************************************************************************************************************

| PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM |
|---|

1.  If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form. You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

2.  **Mail your completed Former Participant Rollover Form postmarked on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to the Settlement Administrator at the following address:**

    **Koch Plans' Settlement Administrator**
    **P.O. Box [number] [City, State, ZIP]**

    It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3.  Other Reminders:

    •   You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

- If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

- If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

- **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

## PART 2: PARTICIPANT INFORMATION

First Name                          Middle    Last Name

Mailing Address

City                                                                State    Zip Code

Home Phone                          Work Phone or Cell Phone

Participant's Social Security Number    Participant's Date of Birth

M  M          D  D        Y  Y  Y  Y

Email Address

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant Class Member and the Former Participant Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                         Middle   Last Name

Mailing Address

City                                                                                          State     Zip Code

Home Phone                                  Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

Email Address                               M M      D D     Y Y Y Y

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

4

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)   ☐ 401(a)/401(k)   ☐ 403(b)

☐ Direct Rollover to a Traditional IRA   ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

### Rollover Information:

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                         State   Zip Code

Your Account Number                             Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M   D D   Y Y Y Y

_____

**Former Participant Signature**                    **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan,<br><br>               Plaintiffs,<br>v.<br><br>Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30,<br><br>               Defendants. | Case No. 1:20-cv-02973-MHC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

This litigation involves claims of alleged breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which were asserted against Defendants Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee ("Defendants") relating to the management of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (collectively, the "Plans").

Presented to the Court for preliminary approval is a Class Action Settlement Agreement between the Settling Parties dated July 12, 2021 (the "Settlement Agreement").[1] Having reviewed and duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate to warrant sending notice of Settlement to the Class, (ii) the Settlement Agreement resulted from arms-length negotiations in good faith  between experienced counsel with the assistance of an experienced mediator following informal discovery, (iii) the

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

2

proposed Settlement eliminates risks to the Settling Parties of continued litigation; (iv) the proposed Settlement treats class members equitably relative to each other; (v) the form and method of notice of the Settlement and of the Fairness Hearing is appropriate; and (vi) the Settlement Agreement and Settlement Class meet all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2.     For settlement purposes only, the Court preliminarily finds that the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(1) have been met and preliminarily certifies the following Settlement Class under Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

3.     Named Plaintiffs David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford are appointed as the Class Representatives, and their counsel from Nichols Kaster, PLLP, Austin & Sparks, P.C., and the Sanford Law Firm are appointed as Class Counsel.

4.      The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notices fairly and adequately provide information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Former Participant Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the class release; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the amount of the proposed Class Representatives' Compensation; (9) the date, time, and location of the Fairness Hearing; and (10) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of these Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

5.      No later sixty (60) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notices

4

to the Settlement Class by first class mail, and shall include a Former Participant Rollover Form (Exhibit 3 to the Settlement Agreement) with the Notices that are sent to Former Participant Class Members. A Former Participant must submit a completed, satisfactory Former Participant Rollover Form to the Settlement Administrator within ninety (90) calendar days of the date that the Notices are initially mailed to be considered eligible for a rollover in lieu of a check.

6.    In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement on or before the date that the Settlement Notices are mailed.

7.    Pursuant to the Settlement Agreement, Analytics Consulting, LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.    On [date] at [time], [a date that is not less than 120 calendar days from the date of entry of this Order] or at such other date and time later set by Court Order,[2] in Courtroom 1905 of the United States District Court for the Northern

---

[2] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

9.     Any objections to the Settlement from Settlement Class Members must be timely sent to Class Counsel and the Settling Defendants' Counsel to be considered. To be timely, the objection must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Settling Defendants' Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. The objection must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the basis for the objection; and (4) include the Settlement Class Member's signature. A Settlement Class Member who submits an objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the

6

Settlement Class Member's objection to be considered by the Court. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

10.     Any application for Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

11.     No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.  Any Settling Party may file a response to an objection before the Fairness Hearing.

12.     The Class Representatives and each Class Member and their respective heirs, Alternate Payees, beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns ("Class Releasors"), are preliminarily enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member or Class Releasor may thereafter discover facts in addition

7

to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, the Plans and any person acting on behalf of such Plans, including any fiduciaries, trustees or participants, are preliminarily enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member or other person on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

14.     Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement or other agreement of the Settling Parties.

15.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval

8

is reversed, vacated, or modified in any material respect by this or any other court, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement, including the certification of the Settlement Class for settlement purposes, shall be treated as vacated *nunc pro tunc*.

**IT IS SO ORDERED** this ___ day of _____, 2021.

BY THE COURT

_____

MARK H. COHEN
United States District Judge

9

# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan, | Case No. 1:20-cv-02973-MHC |
| Plaintiffs, | **[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30, | |
| Defendants. | |

Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding good cause for the motion, the Court finds and orders as follows:

1.     For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     The Court has subject matter jurisdiction over the Action and retains jurisdiction for purposes of enforcing and interpreting the Settlement Agreement.

3.     The following Settlement Class is finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only:

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.     The Court further finds that Notices of the Settlement were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator used commercially reasonable efforts to locate any Class Member whose Settlement Notice was returned, and re-

2

mailed notices to those Class Members. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided consistent with Rule 23 and due process.  In addition, notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States pursuant to the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq.  All requirements of CAFA have been met.

5.     Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.     Each and every objection to the Settlement is overruled with prejudice. [if applicable].

7.     Having given careful consideration to the Settlement, the Court finds that the Settlement is fair, reasonable, and adequate based on the relevant factors set forth in Rule 23(e)(2).  Among other things:

        A.     The Class Representatives and Class Counsel have adequately represented the Settlement Class;

3

B.     The Settlement was negotiated at arm's length only after Class Counsel had received pertinent information and documents from Defendants;

C.     The monetary and prospective relief provided by the Settlement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of continued litigation and other relevant circumstances;

D.     The Plan of Allocation provides for an efficient and effective method of distribution, which is equitable to all class members and is tied to the claims that were asserted in the Action; and

E.     The Settlement was reviewed by an independent fiduciary, [   ], who has approved the Settlement.

8.     Based on the foregoing, the Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Action is APPROVED as fair, reasonable, and adequate to the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (the "Plans") and the Settlement Class, and the Court orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

9.     The Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members,

or derivatively on behalf of the Plans, are DISMISSED WITH PREJUDICE, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

10.     The Class Representatives and each Class Member and their respective heirs, Alternate Payees, beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns ("Class Releasors"), shall as of the Effective date of the Settlement be (i) conclusively deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding (including, but not limited to, the making of any complaints or claims or inquiries to any administrative department or agency) alleging any of the Released Claims, even if any Class Member or Class Releasor may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims.

11.     The Plans, and any person acting on behalf of such Plans (including any fiduciaries, trustees, administrators, agents, attorneys, participants and assigns) shall as of the Effective date of the Settlement be (i) conclusively deemed to have, and by

operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding (including, but not limited to, the making of any complaints or claims or inquiries to any administrative department or agency) alleging any of the Released Claims, even if the Plans or any Class Member or other person on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

12.    The Class Representatives, Class Members, and the Plans shall settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims including specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members with respect to the Released Claims shall waive any and all provisions, rights and benefits conferred by

6

any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. Each Class Member shall hold harmless Defendants, Defense Counsel, and the Released Parties for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount, the Net Settlement Amount, and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Former Participant pursuant to the Plan of Allocation approved by the Court.

15. As of the Settlement Effective Date, all Settling Parties, the Settlement Class, and each of the Plans shall be bound by the Settlement Agreement (including any amendments) and by this Final Approval Order.

**IT IS SO ORDERED** this ___ day of _____, 2021.

BY THE COURT

7

_____
MARK H. COHEN
United States District Judge