Exhibit C



# Nichols Kaster, PLLP

## Firm Resume

## | Table of Contents

Firm Overview ................................................................................................ 2

Accolades ...................................................................................................... 3

Judicial Recognition ...................................................................................... 4

Notable Litigation Results ............................................................................ 12

Nichols Kaster Attorneys ............................................................................. 27

## Firm Overview

For more than forty-five years, Nichols Kaster has enjoyed a sterling reputation as a top employment and consumer plaintiffs' litigation firm. We have represented hundreds of thousands of employees and consumers nationwide on a variety of legal issues arising under both state and federal laws.

The Firm's National **Wage and Hour** team represents employees in class and collective actions seeking to recover unpaid wages in circumstances where employers misclassify workers or otherwise fail to compensate them for all hours worked, pursuant to minimum wage and overtime rates, or as required by contract. The Firm also represents groups of employees seeking to recover unpaid commissions and unlawfully pooled tips.

### Employee Representation

- Wage & Hour Violations
- 401(k) and Benefit Breaches
- Qui Tam/False Claims
- Wage Fixing
- Equal Pay Violations
- Harassment
- Discrimination
- Retaliation
- Medical leave
- Failure to Accommodate
- Federal Railway Safety Act Violations
- Breach of Contract
- Severance
- Non-Compete Agreements
- Defamation

Nichols Kaster represents workers and consumers who have endured **discrimination** and who have had their **civil rights** violated on either an individual or class-wide basis. The Firm's employment group is also dedicated to assisting individual employees in Minnesota and surrounding states with a variety of legal needs, including addressing discrimination; harassment; retaliation; accommodation and leave issues; contract, severance, and non-compete disputes; as well as defending against licensure complaints.

The Firm also assists employees and retirement plan participants in protecting their **401(k) investments and other benefits**. Nichols Kaster challenges breaches of fiduciary duty relating to excessive fees, underperforming funds, imprudently managed accounts, and failure to properly pay benefits.

### Consumer Representation

- Forced-Placed Insurance
- Credit Reporting
- Improper Background Checks
- Student Loans
- Predatory Lending
- Interest Overcharges and Misapplication of Loan Payments
- Billing Practices
- Deceptive Practices
- Debt Collection Violations

Nichols Kaster is dedicated to protecting consumer rights through its National **Consumer** Class Action team. Over the years, the Firm has represented consumers with a variety of violations, primarily on a class-wide basis. The Firm led the way in forced-placed flood and hazard litigation and with claims under the Fair Credit and Reporting Act.

Nichols Kaster also represents **whistleblowers and relators** who have "blown the whistle" on illegal activity. These cases involve the

reporting of possible government fraud, mishandling of toxic substances, violations of tax or securities laws, discrimination in education, failure to provide access to public facilities, and more.  Nichols Kaster represents individuals who have brought claims on behalf of the government against entities who have defrauded the government under the False Claims Act (also known as "qui tam" lawsuits).

No matter the type of claim, Nichols Kaster helps everyday people seek redress against big corporations.

## Accolades

The NATIONAL TRIAL LAWYERS AND ALM have named Nichols Kaster, PLLP the Employment Rights Law Firm of The Year.  According to an ALM spokesperson,

> [T]he lawyers and law firms selected this year from more than 250 submissions have demonstrated repeated success in cutting-edge work on behalf of plaintiffs over the last 15 months.  They possess a solid track record of client wins over the past three to five years. The 2020 Elite Trial Lawyers finalists delivered results for clients across a wide range of cases with some of the most difficult sets of facts, very challenging circumstances, often filing uphill battles for years.  Many were up against some of the most prominent defense firms on the globe… The winners stood out based on the uniqueness and importance of their cases as well as the results delivered for their clients.

The U.S. NEWS & WORLD REPORT has continued to name Nichols Kaster as a Best Law Firm® and honored individual lawyers at the Firm as Best Lawyers®, consecutively since 2012.  LAW360 has listed Nichols Kaster as a top plaintiffs' employment law firm, and MINNESOTA LAWYER has declared it one of Minnesota's top 100 firms.  In 2019, nine of Nichols Kaster's attorneys were named as part of the 500 leading plaintiff employment lawyers on Lawdragon.com's list of the nation's best employment lawyers.  In 2019, nine of Nichols Kaster's attorneys were named Super Lawyers® and eight Rising Stars by SUPER LAWYERS MAGAZINE.  Steve Smith and Matthew Frank were announced as the 2017 Minnesota Lawyers of the Year.  On Martindale Hubbell, the firm has a 5 out of 5 peer rating.

Together the National Law Journal and LAW.COM named Nichols Kaster a top 50 firm for Elite Trial Lawyers "that are doing the most creative and substantial work on the plaintiffs side."  *Introducing America's Elite Trial Lawyers,* THE NAT'L LAW J. (Sept. 8, 2014).

In 2009, Nichols Kaster was ranked as one of the top ten busiest FLSA firms in the country by Litigation Almanac 360, which conducted a study of over 500,000 federal cases and received input from more than 200 law firms. Nichols Kaster was the only plaintiffs' firm in the top ten.

## Judicial Recognition

Nichols Kaster provides employees and consumers with significant results, including substantial settlements, trial victories, and ground-breaking determinations on important legal questions.  The Firm's attorneys fight hard for their clients, vigorously litigating complex actions against top national defense firms.  Courts have recognized Nichols Kaster's successes and extensive experience and have appointed the Firm as lead or co-lead counsel on hundreds of class and collective actions.  Below are just a few examples of this recognition.

*"...Class Counsel is one of the relatively few firms in the country that has the experience and skills necessary to successfully litigate a complex ERISA action such as this."*

The Honorable Judge Michael H. Watson
  *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153 (S.D. Ohio, Feb. 18, 2021).

*And it's not inappropriate to say, at this juncture, how deeply appreciative the Court is of the lawyering here, and I'm appreciative of the lawyering in two most important respects. One, there's been outstanding advocacy here. I have, um, wrestled with the matters in dispute, found them most challenging, and counsel has behaved throughout with both high ethics and zeal and true advocacy on the part of their clients, and I don't want that to go without saying I appreciate it. At the same time, and equally important, we sometimes lose track in advocacy of the desirability of resolving differences. You people have proved yourselves skilled negotiators willing to compromise, realistic, and the Court honors that as well.*

The Honorable Judge William G. Young
*Moitoso v. FMR, LLC, et al.*, No. 1:18-cv-12122-WGY (USDC MA., Jan. 12, 2021).

*Class Counsel displayed skill and determination. It is unsurprising that only a few firms might invest the considerable resources to ERISA class actions such as this, which require considerable resources and hold uncertain potential for recovery.*

The Honorable Judge Catherine C. Eagles
*Sims v. BB&T Corp.*, No. 1:15-cv-841 (M.D.N.C., May 5, 2019).

*[C]lass counsel achieved a strong result through skillful litigation and settlement negotiation. After filing a detailed complaint and amended complaint, working through a substantial discovery process, litigating a motion to dismiss, and undergoing mediation and settlement discussions, class counsel obtained a settlement of $14 million and a mandatory request for proposal that will help ensure quality management of class members' 401(k) funds down the road. Regarding quality of representation, the litigation and settlement appear by all measures to be the work of skillful and experienced attorneys with significant expertise in the ERISA context.*

The Honorable Judge Nathanael M. Cousins
*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 5:16-cv-03698 (N.D. Cal., May 11, 2018).

*The high quality of Nichols Kaster's representation strongly supports approval of the requested fees. The Court has previously commended counsel for their excellent lawyering. The point is worth reiterating here. Nichols Kaster was energetic, effective, and creative throughout this long litigation. The Court found Nichols Kaster's briefs and arguments first-rate. And the documents and deposition transcripts which the Court reviewed in the course of resolving motions revealed the firm's far-sighted and strategic approach to discovery . . . Further, unlike in many class actions, plaintiffs' counsel did not build their case by piggybacking on regulatory investigation or settlement . . . The lawyers at Nichols Kaster can genuinely claim to have been the authors of their clients' success.*

The Honorable Judge Paul A. Engelmayer
*Hart v. RCI Hospitali Holdings, Inc.*, No. 09 Civ. 3043, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015)

*I want to commend all of you for the excellent work that you did in conjunction with the special master and the court's technical advisor . . . I'm satisfied that this settlement is fair and reasonable given all the risk and expense of further litigation . . . .*

Honorable Judge Kathryn Vratil
*Sibley v. Sprint Nextel Corp.*, No. 08-cv-2063 (D. Kan. Dec. 20, 2018)

*[T]he attorneys at Nichols Kaster, PLLP are qualified, experienced, and competent, as evidenced by their background in litigating class-action cases involving FCRA*

*violations. . . . .  As noted above, Plaintiffs' attorneys are experienced and skilled consumer class action litigators who achieved a favorable result for the Settlement Classes.*

The Honorable Chief Judge Deborah Chasanow
*Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665 (D. Md. 2013)

*[T]his case's early resolution can partly be attributed to counsel's experience representing thousands of employees in wage and hour cases for thirty years, particularly within the oil and gas industry.*

The Honorable Judge Dale Drozd
*McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157 (E.D. Cal. Nov. 2, 2017)

*Plaintiffs retained counsel with significant experience in prosecuting force-placed insurance cases, and other courts in this district have appointed them class counsel in force-placed insurance cases . . .  Counsel have worked vigorously to identify and investigate the claims in this case, and, as this litigation has revealed, understand the applicable law and have represented their clients vigorously and effectively.*

The Honorable Magistrate Judge Laurel Beeler
*Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506, 2014 WL 2734953 (N.D. Cal. June 13, 2014)

*Thank you for all of your good work here.  I know that it was really an extraordinarily complex case, and so well done.*

The Honorable Judge Kathryn Vratil
*Harlow v. Sprint Nextel Corp.*, No. 08-2222 (D. Kan. Dec. 10, 2018)

*[Nichols Kaster has] considerable experience in litigating wage and hour class and collective actions.*

*The award . . . follows efficient effort on the part of Class Counsel to achieve a sizeable recovery for the Class Members.*

The Honorable Magistrate Judge Katherine Menendez
*Allen v. All Temporaries, Inc.*, No. 16:cv-04409 (D. Minn. Feb. 14, 2018)

*[T]he quality of representation, as evidenced by the substantial recovery and the qualifications of the attorneys, is high.  As then District Judge Gerard E. Lynch recognized, Nichols Kaster is "a reputable plaintiff-side employment litigation boutique with a nationwide practice and special expertise prosecuting FLSA cases."*

The Honorable Judge Sidney H. Stein
*Febus v. Guardian 1st Funding Grp., LLC*, 870 F. Supp. 2d 337 (S.D.N.Y. 2012)

*[T]his court finds that counsel possess more than sufficient experience to represent Plaintiffs fairly and adequately in reaching a fair and equitable settlement in this FLSA collective action . . . The parties are represented by competent and reputable counsel.*

The Honorable Judge Tony N. Leung
*Mayfield-Dillard v. Direct Home Health Care*, No. 1:16-cv-3489 (D. Minn., Dec. 18, 2017)

*I think it was just some very efficient and good work on the part of the plaintiffs' attorney that brought you to the point [of settlement]."*

The Honorable Judge Josephine L. Staton
*Urakhchin v. Allianz Asset Mgm't of Am., L.P.*, No. 8:15-cv-01614 (C.D. Cal. July 27, 2018)

*Counsel's experience in vigorously litigating class/collective wage and hour actions, plus their experience with this industry were essential in obtaining this favorable and efficient result.*

The Honorable Magistrate Judge Jonathon E. Hawley
*Woods v. Club Cabaret, Inc.*, 1:15-cv-01213, 2017 WL 4054523 (C.D. IL, May, 17, 2017)

*The settlement was the result of arm's-length negotiations between experienced counsel. Class Counsel is well known by this Court for their expertise in wage and hour litigation.*

The Honorable Judge Michael J. Davis
*Burch v. Qwest Commc'ns Intl.*, No. 06-03523 (D. Minn. Sept. 14, 2012)

*I want to say that both sides here have performed at an admirable level.  And I wish that the lawyers of all cases would perform at your level.  I say this to both of you, because you have you have been of assistance to the Court.*

The Honorable Judge William Alsup
*Hofstetter v. Chase Home Fin., LLC,* No. 10-01313 (N.D. Cal. Nov. 7, 2011) (transcript)

*The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.*

The Honorable Judge Richard H. Kyle
*Bible v. Gen. Revenue Corp.,* 12-CV-1236 (D. Minn. Jan. 7, 2014)

*Over the past two years, Class Counsel has been active in all stages of litigation and has particularly benefitted Plaintiffs through capable handling of motion practice.  For example, Plaintiffs obtained summary judgment on a key issue involving the <u>Morillion</u> doctrine and defeated summary judgment on Defendants' <u>de minimis</u> defense.*

The Honorable Judge Virginia A. Phillips
*Cervantez v. Celestica Corp.,* No. 07-729, 2010 WL 11465133, \*7 (C.D. Cal. Oct. 29, 2010)

*[T]he combined experience of Plaintiffs' counsel as well as the fact that employment law, particularly the representation of employees, forms a large part of both the firm and counsel's practice persuades this Court that the law firm of Nichols Kaster, PLLP, and its attorneys Steven Andrew Smith and Anna P. Prakash will more than adequately protect the interests of the Class Members.*

The Honorable Magistrate Judge Tony N. Leung
*Fearn v. Blazin' Beier Ranch, Inc.,* No. 11-743 (D. Minn. Jan. 30, 2012)

*Plaintiffs have shown good cause under Rule 16(b) because Plaintiffs' new counsel has shown the necessary diligence. Plaintiffs brought on Nichols Kaster, an experienced*

*employment law firm of* high repute *as lead counsel in May 2012. Since that time, Plaintiffs have made a concerted effort to comply with this Court's orders and deadlines.*

The Honorable Magistrate Judge Tony N. Leung
*Alvarez v. Diversified Main. Sys., Inc.,* No. 11-3106 (D. Minn. Aug. 21, 2012)

*Plaintiff's counsel are qualified, experienced attorneys that are fully capable of conducting this class action litigation . . . they are highly* qualified, knowledgeable attorneys *that are willing to invest the resources necessary to fully prosecute this case.*

The Honorable Judge Gary Larson
*Karl v. Uptown Drink, LLC,* No. 27-CV-10-1926 (Minn. Dist. Ct. Nov. 17, 2010)

*Plaintiffs' Counsel are* qualified attorneys *with extensive experience in class action and wage and hour litigation and are hereby appointed as Class Counsel.*

The Honorable Judge Susan Richard Nelson of the U.S.D.C. D. Minn.:
*Alvarez v. Diversified Main. Sys., Inc.,* No. 11-3106 (D. Minn. Feb. 14, 2013) (appointing class counsel and preliminarily certifying the class for settlement purposes).

*However, the difficulty of the legal issues involved [and] the* skill and experience *of Plaintiffs' counsel in FLSA cases . . . make an enhancement of the lodestar amount appropriate in this case.*

The Honorable Judge Thomas D. Schroeder
*Latham v. Branch Banking & Trust Co.,* No. 1:12-cv-00007, 2014 WL 464236 (M.D.N.C. Jan. 14, 2014)

*The Court must consider the work counsel has done in identifying or investigating potential claims in the actions, counsels' experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class.  Fed.R.Civ.P. 23(g)(1)(C).  After reviewing the record, the Court is satisfied that the firms of Nichols Kaster, PLLP and Stueve Siegel Hanson LLP satisfy these criteria and will adequately represent the interests of the class as counsel.*

The Honorable Judge Kathryn Vratil

*Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 677 (D. Kan. 2008)

---

**The Arbitrator also notes that the briefs submitted by Claimant's counsel and the performance at the hearing by Claimant's counsel were of a *very high quality*.**

Arbitrator Joel Grossman, Esq.
*Green v. CashCall, Inc.*, JAMS Arbitration No. 1200047225 (JAMS Aug. 22, 2014)

---

**Plaintiffs' counsel are adequate legal representatives for the class. They have done work identifying and investigating potential claims, have handled class actions in the past, know the applicable law, and have the resources necessary to represent the class. The class will be fairly and adequately represented.**

The Honorable Judge Susan M. Robiner
*Spar v. Cedar Towing & Auction, Inc.*, No. 27-CV-411-24993 (Minn. Dist. Ct. Oct. 16, 2012)

---

**[Defendant] doesn't question whether Plaintiffs are represented by qualified and competent counsel, and it's obvious that they are. Plaintiffs' are represented by a *national law firm*, Nichols Kaster, that specializes in employment and class action law.**

The Honorable Judge Larry Alan Burns
*Norris-Wilson v. Delta-T Grp., Inc.*, 270 F.R.D. 596 (S.D. Cal. 2010)



## Notable Litigation Results

| ### Settlement Results

In *Velazquez v. Massachusetts Financial Services Co.*, No. 1:17-cv-11249 (D. Mass.), the court granted final approval of the parties' $6,895,000 million settlement, resolving plaintiffs' claims against Defendants under the employee Retirement Income Security Act ("ERISA").

In *Bowers v. BB&T Corp.*, No. 1:15-cv-00732 (M.D.N.C. May 6, 2019), the court granted final approval of the parties' $24 million settlement in a case where plaintiffs alleged the defendants breached their fiduciary duties in violation of ERISA.

In *Moreno v. Deutsche Bank Americas Holding Corp.*, 1:15-cv-09936 (S.D.N.Y. March 1, 2019), the court granted final approval of the parties' $21.9 million settlement in a case where plaintiffs alleged the defendants breached their fiduciary duties in violation of ERISA.

In *Sibley v. Sprint Nextel Corp.*, No. 08-cv-2063 (D. Kan. Dec. 20, 2018), the court granted final approval of a commissions settlement for retail store sales employees totaling $30.5 million.

In *Clark v. Oasis Outsourcing Holdings Inc.*, No. 9:18-cv-81101 (S.D. Fla. Dec. 20, 2018), the court granted final approval of the parties' $5.9 million settlement in a case where plaintiffs alleged the defendants breached their fiduciary duties in violation of ERISA.

In *Harlow v. Sprint Nextel Corp.*, No. 08-2222 (D. Kan. Dec. 10, 2018), the court granted final approval of a commissions settlement of $3,650,000 for business channel sales employees.

In *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 8:15-cv-01614 (C.D. Cal. July 30, 2018), the court granted final approval of the parties' $12 million settlement in a case where plaintiffs allege the defendants breached their fiduciary duties in violation of ERISA.

In *Johnson v. Fujitsu Technology Business of America, Inc.*, No. 5:16-cv-03698 (N.D. Cal. May 11, 2018), the court granted final approval of the parties' $14 million settlement, and approved a class of current and former participants in the Fujitsu Group Defined Contribution and 401(k) Plan

In *Vongkhamchanh v. All Temporaries Midwest, Inc.*, 17:cv-00976 (D. Minn. Apr. 27, 2018), the court approved a settlement for health care workers who would receive over 84% of their unpaid overtime wages, explaining that the Firm's "considerable experience litigating wage and hour class and collective actions, and informed opinions of the fairness of the settlement" provided support for approval of the hybrid state and federal action.

In *Main v. American Airlines, Inc.*, 4:16-cv-00473 (N.D. Tex. Feb. 21, 2018), the court granted final approval of the parties' $22 million settlement for a class of current and former participants in the American Airlines, Inc. 401(k) Plan.

In *Allen v. All Temporaries, Inc.*, No. 16:cv-04409 (D. Minn. Feb. 14, 2018), the court granted final approval of a Rule 23 class action and FLSA collective action for settlement of home health workers' overtime claims.  The court noted that "Class Members will recover over 99% of their unpaid overtime wages after the deduction for attorneys' fees, costs, and a class-representative service payment."

In *Mayfield-Dillard v. Direct Home Health Care.*, No. 1:16-cv-3489 (D. Minn, Dec. 18, 2017) the court approved the parties' joint motion for settlement approval finding that the settlement was a substantial benefit to the collective as the eligible individuals who accept the settlement will receive all their alleged overtime wage loss.  The court found that "counsel possess more than sufficient experience to represent Plaintiffs fairly and adequately in reaching a fair and equitable settlement in this FLSA collective action" and that "[t]he parties are represented by competent and reputable counsel."

In *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157 (E.D. CA, Nov. 22, 2017), the court approved the settlement finding that $3,000,000 was fair and reasonable and reflected a settlement payoff of 92% of the estimated potential value of the class members' claims. The judge commended Nichols Kaster stating, "[T]his case's early resolution can partly be attributed to counsel's experience representing thousands of employees in wage and hour cases for thirty years, particularly within the oil and gas industry."

In *Andrus v. New York Life Ins. Co.*, 1:16-cv-05698 (S.D.N.Y. June 15, 2017), the court granted final approval of the parties' $3,000,000 settlement in a case where plaintiffs alleged that the defendants breached their fiduciary duties in violation of ERISA.

In *Henderson v. 1400 Northside Drive, Inc.*, No. 1:13-cv-03767 (N.D. Ga. Mar. 17, 2017), the Firm achieved a $1,360,000 settlement on the eve of trial on behalf of 37 male exotic dancers who were misclassified as independent contractors and required to pay to work through the imposition of mandatory house fees, fines, and tip-outs of other workers.

In *Vaughan v. M-Enterm't Props., LLC*, No. 1:14-CV-914 (N.D. Ga. May 16, 2017), the court approved a $1,100,000 settlement a week before trial for 28 female exotic dancers who the Court previously found were misclassified as independent contractors and were required to pay to work through fines, fees, and tip-outs to other workers.

In *Febus v. Guardian First Funding Group, LLC*, 90 F. Supp. 3d 240 (S.D.N.Y. Mar. 4, 2015), plaintiffs brought a motion to enforce a wage and hour settlement from which one of the individual defendants defaulted. The court ordered the defendant pay the amount due, imposed an additional thirty percent penalty on the amount due, and awarded interest. The court noted that Nichols Kaster had been

"attempting, in vain, to collect," and emphasized that defendant "cannot avoid his contractual obligations because he has decided that the settlement terms no longer suit his interests."

In *Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 Civ. 3043, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015). the court granted final approval of a class-wide $15,000,000 gross settlement, finding the settlement to be fair, reasonable, and adequate and further awarding plaintiffs' counsel's attorneys' fees, expenses, and service awards to the named plaintiffs and discovery participants.

In the consolidated lawsuits of *Casey v. Citibank, N.A.*, No. 5:12-cv-0820 (N.D.N.Y. Aug. 21, 2014) and *Coonan v. Citibank, N.A.*, No. 1:13-cv-00353, 2014 WL 4120599 (N.D.N.Y. Aug. 21, 2014), the court granted final approval of an approximately $110,000,000 settlement on behalf of settlement classes who were force-placed with flood or hazard insurance by Citibank, N.A. The settlement also provides substantial injunctive relief, forbidding Citibank and its affiliates from accepting commissions or any other form of compensation in connection with force-placed insurance for a period of six years, places limits on the amount of insurance coverage that Citibank may require borrowers to maintain, and requires Citibank to offer class members the opportunity to reduce their flood insurance coverage if Citibank had increased their coverage amount to an amount in excess of the amount required under federal law. The court found the settlement to be "fair, reasonable, and adequate, in the best interests of the Settlement Classes" and overruled nine objections.

In *Bible v. General Revenue Corp.*, No. 12-cv-01236 RHK (D. Minn. June 27, 2014), the court granted final approval of a $1,250,000 settlement on behalf of approximately 134,000 class members, more than double the statutory cap for a Fair Debt Collection Practices Act class action.

In *Farmer v. Bank of America, N.A.*, No. 5:11-cv-00935 (W.D. Tex. Oct. 18, 2013), the court granted final approval of the parties' multi-million-dollar settlement with significant prospective injunctive relief, finally certifying a class of 25,000 Texas mortgagors who had been sent letters requesting proof of hazard insurance in violation of the language of their deeds of trust, and appointing Nichols Kaster as class counsel.

In *Singleton v. Domino's Pizza, LLC*, No. 8:11-cv-01823 (D. Md. Oct. 2, 2013), the court approved the parties' $2,500,000 million settlement for a class of over 50,000 under the Fair Credit Reporting Act in a case where plaintiffs alleged that the defendant employer had improperly procured consumer reports on employees and applicants and had failed to comply with the pre-adverse action notice requirements of the Act.

In *Ulbrich v. GMAC Mortgage*, No. 11-CIV-62424, 2013 WL 8692404 (S.D. Fla. May 10, 2013), the court granted final settlement approval and appointed Nichols Kaster as class counsel for a 2,000+ nationwide class.  The case involved claims against GMAC Mortgage, LLC and Balboa Insurance Services, Inc. relating to force-placed wind insurance.

In *Eldredge v. City of Saint Paul*, No. 09-2018 (D. Minn. Aug. 29, 2011), plaintiff Eldredge reached a settlement of his case that was the second largest paid by the City of Saint Paul in an employment lawsuit.

In *Hofstetter v. JPMorgan Chase Bank, N.A.*, No. C- 10-01313, 2011 WL 1225900 (N.D. Cal. Mar. 31, 2011), Nichols Kaster was appointed class counsel for four classes encompassing approximately 40,000 mortgagors against Chase Bank. In the same case, Nichols Kaster secured an approximately $10,000,000 settlement for the classes. *Hofstetter*, 2011 WL 5545912 (N.D. Cal. Nov. 14, 2011).

| **Appellate Achievements**

In *Oman v. Delta Air Lines, Inc.*, 2021 WL 351960 (9th Cir. Feb. 2, 2021) and the companion case *Ward v. United Airlines, Inc.*, 2021 WL 345578 (9th Cir. Feb. 2, 2021), the Ninth Circuit held that California's wage statement and pay timing requirements apply to flight attendants who are based at California airports, rejecting the airlines' argument that compliance with these state laws would impermissibly burden interstate commerce. This ruling followed a decision from the California Supreme Court on certified questions, which held that California' wage statement and pay timing statutes apply to interstate employees who work less than 50% of their time in any one state if the employee's base of operations is in California. *See Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762 (2020); *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732 (2020).

In *Brotherston v. Putnam Investments, LLC*, 907 F.3d 17 (1st Cir. 2018), the First Circuit reversed the district court's grant of defendants' directed verdict motion, holding that plaintiffs had met their burden of proving loss causation, and that plaintiffs' damages model constituted a viable measurement of the losses suffered by Putnam's employees as a result of defendants' fiduciary breaches. The defendant field a writ of certiorari to the U.S. Supreme Court, and in *Putnam Investments, LLC v. Brotherston*, No. 18-926, 2020 WL 129535 (U.S. Jan. 13, 2020), the Supreme Court denied defendants' petition. The case is remanded to the district court for continued trial proceedings under the First Circuit's holding that the burden to prove causation is on defendants and plaintiffs presented sufficient evidence of losses to the plan as a result of defendants' mismanagement.

In *Ray v. County of Los Angeles*, 935 F.3d 703 (9th Cir. 2019), the Ninth Circuit ruled for the plaintiffs on two distinct issues. First, the Court upheld the District Court's ruling that the County of Los Angeles was not entitled to Sovereign Immunity as an arm of the state for its role in implementing the In-Home Supportive Services program for homecare workers in Los Angeles County. In so holding, the Court declined to overturn long-standing Ninth Circuit precedent outlining the "arm of the state" doctrine, and it determined that, under the existing five-factor test, four of the factors weighed against immunity for the County. In the second part of its ruling, the Court reversed the District Court's holding regarding the effective date of Department of Labor regulations governing homecare workers employed by third parties, holding that the regulations at issue were effective January 1, 2015, despite industry challenges to the regulations that were successful at the district court level but ultimately unsuccessful on appeal.

In *Wingate v. Metropolitan Airport Commission* A19-0226 (August 19, 2019), Wingate appealed the district court's summary judgment finding in favor of Metropolitan Airport Commission (MAC) dismissing the whistleblower claim. The court of appeals reversed the district court's decision ruling the evidence presented by Wingate including his positive performance reviews, his supervisor's remarks, MAC's promotion patterns, and a sergeant's similar report of retaliatory conduct support an inference that Wingate's engagement in protective activity was the true reason that MAC did not promote him to sergeant, thus raising a material fact dispute on the issue of pretext.

In *Moore v. City of New Brighton*, A18-2111, (July 29, 2019), the parties filed cross appeals where Moore appealed the district court's summary judgment decision and the city appealed the district court and the Court of Appeals subject-matter jurisdiction over the case. In a published decision, the Minnesota Court of Appeals reversed the district court's summary judgment decision, finding that the evidence showing the city maintained the administrative, home-bound leave for a period so long and so inconsistent with its purported reason for commencing the leave creates a material fact dispute as to whether the city's actions "penalized" the sergeant under the Minnesota Whistleblower Act and whether the city's reason is pretextual. Further, both the district court and the court of appeals rejected the city's jurisdictional argument and held that both courts have subject-matter jurisdiction over Moore's claim under the Minnesota Whistleblower Act.

*Frost v. BNSF Railway, Co.*, 914 F.3d 1189 (9th Cir. 2019), was tried to a jury in Montana in December 2016. Mr. Frost alleged that he was retaliated against when BNSF terminated his employment after he reported suffering from PTSD. Mr. Frost was diagnosed with PTSD after he was nearly struck by an oncoming train while repairing a section of the track after his supervisor released track authority but failed to inform him and his fellow crew members. Pursuant to the Defendant's request, the jury was provided an honest belief instruction and a defense verdict resulted. Mr. Frost appealed, arguing that the instruction was error because it conflicted with the clear language of the Federal Railway Safety Act ("FRSA") and granted the jury a short-cut to rule for BNSF while ignoring evidence of retaliation. The Ninth Circuit agreed. In a unanimous decision, the Ninth Circuit definitively held there was no requirement that FRSA plaintiffs separately prove discriminatory intent under the FRSA's contributing factor standard, and thus the instruction was error. The Ninth Circuit reversed the trial verdict and remanded for a new trial.

In *McKeen-Chaplin v. Provident Savings Bank, FSB*, 862 F.3d 847 (9th Cir. 2017), the Ninth Circuit reversed the district court's grant of summary judgment to the defendant, finding that the defendant's mortgage underwriters did not fit within the administrative exemption to the Fair Labor Standards Act and remanding for judgment in the plaintiffs' favor on the issue.

In *Clark v. Centene Co. of Texas, L.P.*, 656 F. App'x 688 (5th Cir. 2016) (per curiam), the U.S. Court of Appeals for the Fifth Circuit affirmed a lower court decision that appeals nurses do not fall within the administrative or professional exemptions of the FLSA overtime requirements.

In *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47 (2d Cir. 2016), the U.S. Court of Appeals for the Second Circuit vacated and remanded the district court's dismissal of plaintiff's complaint, finding

that plaintiff's had Article III standing to bring this action regarding the excessive fees for providing copies of plaintiffs' medical records charged by defendants, and stating that "because the complaint alleged that each name plaintiff "through [her or his]" counsel" had "paid" the charges demanded for the records, and that the "ultimate expense" was borne by the plaintiffs, the complaint plausibly alleged that plaintiffs, as principals acting through their agents, had been injured by the alleged overcharges."

In *Monroe v. FTS USA, LLC*, 815 F.3d 1000 (6th Cir. 2016), the U.S. Court of Appeals for the Sixth Circuit upheld the lower court's denial of defendant's motion to decertify the collective and affirmed the trial verdict in favor of plaintiffs.  The Sixth Circuit ruled that Plaintiff's presentation of representative testimony was appropriate at trial for proving liability for the collective and estimated average approach to calculating damages.

In *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633 (7th Cir. 2015), *reh'g. en banc denied*, 807 F.3d 839 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1607 (2016), the U.S. Court of Appeals for the Seventh Circuit reversed the district court's dismissal of plaintiff's complaint against a student loan guarantor for wrongfully charging collection fees on a defaulted student loan, finding that plaintiff's claims for breach of contract and for violations of the RICO Act were not preempted by the Higher Education Act, and stating that "a guaranty agency may not impose collection costs on a borrower who is in default for the first time but who has timely entered into and complied with an alternative repayment agreement."

In *Perez v. Mortgage Bankers Assoc.*, 135 S. Ct. 1199 (2015), the United States Supreme Court ruled unanimously in favor of a group of employees represented by Nichols Kaster. The Court upheld a Department of Labor interpretation granting minimum wage and overtime compensation for mortgage loan officers.

In *Karl v. Uptown Drink, LLC*, 835 N.W.2d 14 (Minn. Aug. 14, 2013), the Minnesota Supreme Court ruled that under Minnesota law, employers cannot require employees to reimburse them from their tips for items such as cash register shortages, unsigned credit card receipts, and customer walk outs. The Court also found that employees do not have to show that because of the deductions their wages fell below the minimum wage in order to prove a violation of Minn. Stat. § 181.79. In this case, the plaintiffs were over 750 employees who worked at three different bars/night clubs in Minneapolis. At a jury trial in 2011, the plaintiffs prevailed on their record-keeping and certain minimum wage claims, but lost on the unlawful deductions claims. Nichols Kaster appealed the deductions issue, and took it all the way to the Minnesota Supreme Court, where the Court agreed with plaintiffs and instructed the lower court to enter judgment on the plaintiffs' behalf on this claim.

In *Boaz v. Federal Express Customer Info. Services, Inc.*, 725 F.3d 603 (6th Cir. 2013), the U.S. Court of Appeals for the Sixth Circuit ruled that plaintiff, a FedEx project manager who had claimed that FedEx had failed to pay her overtime wages, in violation of the Fair Labor Standards Act, and paid her less than male coworkers performing the same job, in violation of the Equal Pay Act, could pursue her overtime and gender discrimination claims. The federal laws at issue provide employees three years to file a lawsuit and FedEx had plaintiff sign an application which stated that lawsuits had to be brought within 6 months or claims were lost.  The lower court had dismissed plaintiff's claims, citing the

application. The Sixth Circuit unanimously sided with plaintiff, reversed the dismissal and remanded the case for trial.

In *Calderon v. GEICO General Insurance Co.*, 809 F.3d 111 (4th Cir. 2015), the U.S. Court of Appeals for the Fourth Circuit affirmed a district court's grant of affirmative summary judgment in favor of approximately one hundred current and former Security Investigators, finding that they were not covered by the administrative exemption. Specifically, the Appellate Court found that plaintiffs' primary job duty was not the performance of work directly related to general business operations.

In *Lass v. Bank of America, N.A.*, 695 F.3d 129 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit struck down the district court's ruling that had dismissed plaintiff's claims. The court found that plaintiff's allegations regarding excessive flood insurance and improper kickbacks had been properly alleged and that the case should proceed.

In *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011), the U.S. Supreme Court found in favor of the plaintiff and held that "an oral complaint of a violation of the Fair Labor Standards Act is protected conduct under the [Act's] anti-retaliation provision." This was a huge win for employees all over the country, as the Supreme Court's decision set a new FLSA anti-retaliation standard.

## | Trial Verdicts and Arbitration Awards

In *Cummings v. Chevron Corp.*, JAMS Case No. 1100086694 (June 8, 2018), an arbitrator issued a final award in the amount of $511,533.95 in favor of Donnie Cummings, a Well Site Supervisor who worked for Chevron. The arbitrator ruled that Chevron misclassified Cummings as an independent contractor and also misclassified him as exempt from the overtime provisions of state and federal law. The arbitrator awarded Cummings $284,270.15 in unpaid overtime, liquidated damages, and meal and rest period premiums, and awarded attorneys' fees and costs in the amount of $227,263.80.

In *Kaiser v. Gortmaker et al.*, No. 15-cv-01030, (District of South Dakota, Dec. 21, 2017) following a five-day trial in Aberdeen, South Dakota, a six-person jury returned a $1.2 million verdict in favor of former South Dakota Division of Criminal Investigation agent, Laura Zylstra-Kaiser. At the conclusion of trial, the jury found in favor of Kaiser on both her retaliation and gender discrimination claims. The jury awarded Kaiser $311,812.00 in lost wages, $498,929.00 in lost retirement benefits, and $400,000.00 in emotional distress damages.

In *Clark v. Centene Company of Texas, LP*, 104 F. Supp. 3d 813 (W.D. Tex. 2015), upon the conclusion of a bench trial, the court awarded damages to a collective action of utilization review nurses. The court found that plaintiffs submitted sufficient evidence to create a just and reasonable inference as to overtime hours worked by the collective and awarded liquidated damages. This victory followed the court's order on the parties' cross-motions for summary judgment and defendant's motion for decertification last year, holding that the defendant misclassified its utilization nurses. 44 F. Supp. 3d 674 (W.D. Tex. 2014). The court ruled that plaintiffs are not exempt from the Fair Labor Standards

Act's overtime laws and are thus eligible for overtime pay. The court further held that defendant's claim that each plaintiff's claim would need to be analyzed individually to determine liability and damages was without merit.

In *Rhodes v. CashCall*, JAMS Ref. No. 1200047475, *Garcia v. CashCall*, JAMS Ref. No. 1200047422, *Good v. CashCall*, JAMS Ref. No. 1200047220, and *Green v. CashCall, Inc.*, JAMS Ref. No. 1200047225 (2014), a JAMS arbitrator ruled that CashCall misclassified Rhodes and Green, loan processers, and Garcia and Good, underwriters, as exempt from the overtime requirements of California and federal law. The arbitrator awarded Rhodes $15,000 in unpaid overtime plus an additional $15,000 in liquidated damages, along with $88,179 in attorneys' fees and costs, Green was awarded $15,067.72 in damages, as well as $54,165.50 in attorneys' fees and costs. The arbitrator also awarded Garcia $10,000 in unpaid overtime plus an additional $10,000 in liquidated damages, along with $98,709 in attorneys' fees and costs, and Good was awarded $43,631 in unpaid overtime, as well as $50,627.49 in attorneys' fees and costs.

In *Walsten v. Shank Power Products Co., Inc.*, No. 19HA-CV-12-1094 (Minn. Dist. Ct., Sept. 9, 2013), a minority shareholder case, an advisory jury returned a $700,000 verdict for the plaintiff, finding for him on his claims for breach of fiduciary duty and violation of his reasonable expectation of continuing employment. The trial judge subsequently issued an order sustaining the $700,000 advisory verdict and awarding $200,000 in attorneys' fees.

In *Monroe v. FTS USA, LLC*, No. 2:08-cv-21 (W.D. Tenn. Oct. 2011), the jury found that defendants willfully violated the Fair Labor Standards Act by failing to pay nearly 300 cable installers for all overtime hours worked. The district court entered judgment with damages for the plaintiffs.

## | Summary Adjudication

In *Deluca v. Farmers Ins. Exchange*, 386 F.Supp.3d 1235 (N.D. Cal. 2019), the court granted in part Plaintiffs' affirmative summary judgment motion and denied Defendant's summary judgment motion. The court found that Farmers could not satisfy either duties prong of the administrative exemption. As a result, the court determined that plaintiffs and class members were misclassified as exempt under state and federal law and are entitled to overtime premiums.

In *Rego v. Liberty Mutual Managed Care, LLC*, 367 F. Supp. 3d 849 (E.D. Wis. 2019), the court found as a matter of law that a defendant insurance company misclassified its utilization management nurses as exempt from overtime protections under the administrative and the professional exemptions. The plaintiffs primary job duty consisted of reviewing medical authorization requests against well-established guidelines to determine whether the criteria for medical necessity are satisfied.  The court held in part that this work involved the performance of routine mental work, likened to inspection-type duties as opposed to bedside nursing.

In *Henderson v. 1400 Northside Drive, Inc.*, No. 1:13-cv-3767, 2016 WL 3125012 (N.D. Ga. June 3, 2016), the district court granted in part Plaintiffs' affirmative motion for summary judgment on the

issues of: (1) whether the owner qualified as a joint employer, (2) the viability of the defendants' counterclaims, and (3) whether minimum wage damages includes recovery for fines, fees, and tipouts paid by the employee to the employer. In an earlier order, the court also the court granted plaintiffs' motion for partial summary judgment on the issues of: (1) the creative professional exemption, finding that defendants misclassified adult entertainers as exempt from the overtime and minimum wage requirements of the FLSA; and (2) offset, finding that defendants could not offset their minimum wage obligations with tips paid by customers to adult entertainers. 110 F. Supp. 3d 1318 (N.D. Ga. 2015).

In *Vaughan v. M-Enterm't Props., LLC*, No. 1:14–CV–914, 2016 WL 7365201 (N.D. Ga. Mar. 15, 2016), the district court granted in part exotic dancer plaintiffs' affirmative motion for summary judgment on the issues of (1) whether entertainers qualify as employees under the FLSA, (2) whether related entity defendants qualified as joint employers, (3) the viability of the defendants' offset defense, and (4) the viability of the defendants' counterclaims.

In *Heaton v. Social Finance, Inc.*, No. 3:14-cv-05191-the, 2015 WL 6003119 (N.D. Cal. Oct. 15, 2015), the court denied defendants' motion for summary judgment, finding that there were triable issues of fact as to whether defendants had violated the statutes at issue, whether the alleged violations were willful, and finding that defendants had failed to meet their burden as to plaintiffs' claims under the California Unfair Competition Law.

In *Hart v. Rick's Cabaret Int'l, Inc.*, the court denied decertification of the FLSA Collective and Rule 23 Class of approximately 2,300 adult entertainers at Rick's Cabaret in New York and granted, in part, plaintiffs' affirmative motion for partial summary judgment on damages, finding that no reasonable jury could conclude the Class was owed less than $10.8 million. No. 09-Civ-3043, 2014 WL 6238175 (S.D.N.Y. Nov. 14, 2014). This significant ruling came approximately one year after the court ruled that the Class and Collective Members are employees as a matter of law under the FLSA and New York Labor Law and that Rick's Cabaret violated both laws by failing to pay wages. The court further held that the money entertainers received from Rick's Cabaret's customers were tips and not service charges that could offset wage obligations and that Rick's Cabaret violated New York Labor Law by charging Class and Collective Members fines and fees as a condition of employment. 967 F. Supp. 2d 901 (S.D.N.Y. Sept. 10, 2013).

In *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2014 WL 2737990 (S.D. Ohio June 17, 2014), the court granted plaintiffs' motion for partial summary judgment, finding that the assigned real estate offices from where plaintiffs, who are current or former loan officers employed by defendant, worked where all serving as the "employer's place of business" under the outside sales exemption of the Fair Labor Standards Act. This established that an employee may work from multiple sites, not technically owned or operated by the employer, and each of those sites can be considered the "employer's place of business" under the regulations, therefore any work performed at these sites is not "outside" work under the outside sales exemption.

In *MacIntyre v. Lender Processing Services, Inc.*, No. 3:13-cv-89-J-25JBT (M.D. Fla. Apr. 29, 2014), the court granted affirmative summary judgment to plaintiff (a Minnesota resident) on a breach of

contract claim for an unpaid bonus and used its discretion to enforce Minnesota state law for defendant's (a Florida company) failure to promptly pay wages. The court simultaneously denied defendant's motion to dismiss plaintiff's gender discrimination claims ruling, in part, that defendant's actions toward plaintiff constituted direct evidence of gender discrimination.

In *Huff v. Pinstripes, Inc.*, 972 F. Supp. 2d 1065 (D. Minn. 2013), the court ruled in plaintiffs' favor on cross-motions for summary judgment, finding that Pinstripes had violated the Minnesota Fair Labor Standards Act's provisions on tip-pooling by requiring its servers to share their tips with "server assistants," who act as servers' support staff at the restaurant.

In *Ernst v. DISH Network, LLC*, No. 12-8794-LGS (S.D.N.Y. Sept. 22, 2014), the court ruled on plaintiff's and two of the defendants' cross-motions for partial summary judgment, granting plaintiff's motion and denying defendants' motion. The court ruled that the summary report received by two of the defendants was a "consumer report" for purposes of the Fair Credit Reporting Act because it "communicated information bearing on Plaintiff's character, general reputation, or mode of living, and the information was collected and expected to be used for 'employment purposes.'"

In *Kirsch v. St. Paul Motorsports, Inc.*, No. 11-cv-02624, 2013 WL 1900620 (D. Minn. May 7, 2013), the court denied defendants' motion for summary judgment in its entirety, finding that plaintiff had put forth sufficient evidence for a prima facie claim of age discrimination.

In *Bollinger v. Residential Capital*, 863 F. Supp. 2d 1041 (W.D. Wash. 2012), the court granted plaintiffs' motion for partial summary judgment, finding that defendants misclassified the underwriter plaintiffs under the administrative exemption, and rejected defendants' argument that there was no evidence of willful violation of the FLSA, stating that "a jury could conclude that Defendants knowingly and recklessly" misclassified plaintiffs.

In *Clincy v. Galardi South Enterprises, Inc.*, 808 F. Supp. 2d 1326 (N.D. Ga. 2011), the court granted plaintiffs' motion for partial summary judgment on the issue of misclassification, finding that defendants misclassified adult entertainers as independent contractors and that the entertainers were in fact employees covered by the FLSA.

## | Class and Collective Certification

In *MacDonald, et al. v. CashCall, Inc., et al.*, No. 2:16-cv-02781-MCA-ESK, Dkt 102 (D. N.J. Oct. 31, 2019) the court granted Plaintiffs' motion for class certification and appointed Nichols Kaster, PLLP class counsel in case involving more than 11,000 borrowers where Defendants are alleged to have violated usury law, the New Jersey Consumer Fraud Act, and RICO.

In *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825 (D. Mass. Dec. 13, 2016), the court certified a class of current and former participants in the Putnam Retirement Plan and appointed Nichols Kaster as class counsel. Plaintiffs alleged that Defendants mismanaged the plan and engaged in prohibited transactions in breach of their fiduciary duties under ERISA.

In *Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616, 620 (D. Neb. 2019), Nichols Kaster won class certification and was appointed class counsel for a class of over 7,000 railroad employees who plaintiffs alleged had been removed from their jobs in violation of the Americans with Disabilities Act

In *Ayala v. GEICO*, No. 7:18-cv-03583 (Dec. 5, 2018), the district court certified a collective class under the FLSA for Auto Adjuster Trainees who alleged they were not paid for all their overtime worked during training.

In *Bell v. Michigan Civil Service Commission and Jan Winters, State Personnel Director*, No. 17-003861-CV (Mich. Cir. Ct., Nov. 17, 2018), Nichols Kaster won class certification and was appointed class counsel for a class of over 600 African-American applicants who plaintiffs alleged had been discriminated against by defendants through the use of their entry-level law enforcement examination.

In *Dunham-Sunde v. The Copper Hen Cakery*, No. 27-CV-17-17288 (Minn. Dist. Ct., Aug. 28, 2018), the court certified a class of over one hundred restaurant servers to pursue claims against a local restaurant for its unlawful tip-sharing practices in violation of the Minnesota Fair Labor Standards Act.

In *Deluca v. Farmers Ins. Exch.*, No. 17-cv-00034, 2018 WL 1981393 (N.D. Cal. Feb. 27, 2018), the court granted class certification of California state law overtime claims and related claims for a group of special investigators who allege that Farmers misclassified them as exempt from overtime. The court previously granted conditional certification of the plaintiffs' FLSA overtime claims.

In *Wildman v. American Century Serv., LLC*, 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017), the court certified a class of current and former participants in the American Century Retirement Plan and appointed Nichols Kaster as class counsel. Plaintiffs alleged that defendants breached their fiduciary duties and engaged in prohibited transactions.

In *Ganci v. MBF Inspection Svcs., Inc.*, 323 F.R.D. 249 (S.D. Ohio 2017), the court granted class certification of a class of pipeline inspectors who worked for MBF and were paid based on a day rate, who sought unpaid overtime under Ohio state law. The court had previously granted conditional collective certification of the plaintiffs' FLSA overtime claims. 2016 WL 5104891 (S.D. Ohio Sept. 20, 2016).

In *Moreno v. Deutsche Bank Americas Holding Corp.*, 1:15-cv-09936, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017), the court certified a class of current and former participants in the Deutsche Bank Matched Savings Plan and appointed Nichols Kaster as class counsel. Plaintiffs alleged that Defendants mismanaged the plan in breach of their fiduciary duties under ERISA.

In *Sims v. BB&T Corp.*, No. 1:15-cv-732, 2017 WL 3730552(M.D.N.C. Aug. 28, 2017), the district court certified a class of current and former participants in the BB&T Corporation 401(k) Savings Plan and appointed Nichols Kaster as co-class counsel. Plaintiffs alleged that Defendants breached their fiduciary duties to the Plan.

In *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 8:15-cv-01614, 2017 WL 2655678 (C.D. Cal. June 15, 2017), the district court certified a class of current and former participants in the Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan and appointed Nichols Kaster as class counsel.  Plaintiffs alleged that defendants improperly managed plan assets and breached their fiduciary duties.

In *Mayfield-Dillard v. Direct Home Health Care, Inc.*, No. 0:16-cv-3489, 2017 WL 945087 (D. Minn. Mar. 10, 2017), the district court granted Plaintiffs' motion for conditional certification, certifying a group of home health care workers who challenged Defendant's practice of paying straight-time only, for overtime hours worked.

In *McQueen v. Chevron*, No. C 16-02089, 2017 WL 8948943 (N.D. Cal. Feb. 21, 2017), the Court granted conditional certification of an FLSA collective for well site managers and drill site managers who performed services for Chevron throughout the country, rejecting Chevron's arguments that the various intermediary staffing companies and differing contractual terms put the workers on different footing.

In *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-cv-330, 2015 WL 7075971 (W.D. Tex. Oct. 5, 2015), the court granted plaintiffs' motion for conditional certification, conditionally certifying a class of employees alleging violations of the overtime wage provisions of the Fair Labor Standards Act by a multinational corporation that produces major commodities including oil and gas.

In *Miller v. Fleetcor Technologies Operating Co., LLC*, 118 F. Supp. 3d 1351 (N.D. Ga. 2015), the court denied defendant's motion for decertification, agreeing with plaintiffs that each individual claim and the case as a whole should be kept together, allowing plaintiffs to move forward as a collective group.

In *Pearsall-Dineen v. Freedom Mortgage Corp.*, No. 13-cv-06836-JEI-JS, 2014 WL 2873878 (D. N.J. June 25, 2014), the court conditionally certified the Fair Labor Standards Act overtime case as a collective action. The judge's order authorized notice of the lawsuit to be disseminated to all mortgage underwriters who worked for Freedom Mortgage in the last three years, providing them the opportunity to join the lawsuit and to assert their overtime claims against the defendant for failing to pay them overtime hours.

In *Ellsworth v. U.S. Bank, N.A.*, No. C 12-2506-LB, 2014 WL 2734953 (N.D. Cal. June 13, 2014), the court issued a broad class certification ruling on behalf of plaintiff-borrowers who were force-placed with flood insurance. In its order, the court certified multi-state classes of borrowers spanning forty different states to pursue claims against U.S. Bank for breach of their mortgage agreements stemming from U.S. Bank's force-placed insurance practices. In addition, the court separately certified classes of borrowers in California and New Mexico to pursue claims against U.S. Bank and its force-placed insurance vendor, ASIC, for unjust enrichment, unfair business practices, and/or breach of the covenant of good faith and fair dealing.

In *Arnett v. Bank of America, N.A.*, No. 3:11-cv-01372-SI (D. Or. Apr. 17, 2014), the court preliminarily approved a $31 million settlement for approximately 625,000 class members, the largest common fund settlement ever negotiated in a case involving force-placed flood insurance.

In *Ernst v. DISH Network, LLC*, No. 12-8794-LGS (S.D.N.Y. July 23, 2013), the court appointed Nichols Kaster as interim class counsel for the putative class with claims against Defendant Sterling Infosystems, Inc., finding that Nichols Kaster had "demonstrated it is able fairly and adequately to represent the interests of the putative class.

In *Gustafson v. BAC Home Loan Services, LP*, No. 8:11-cv-00915 (C.D. Cal. Feb. 27, 2013), Judge Josephine Staton Tucker appointed Nichols Kaster as co-lead interim class counsel for multiple putative classes in a force-placed insurance case against Bank of America and other defendants.

In *Spar v. Cedar Towing & Auction, Inc.*, Case No. 27-CV-11-24993 (Minn. Dist. Ct., Oct. 16, 2012), Nichols Kaster won class certification and was appointed class counsel for a class of approximately six thousand Minneapolis consumers who plaintiffs alleged had been charged illegal towing fees by defendant.

| **Denial of Motions to Dismiss**

In *Padilla v. Caliper Building Systems, LLC et al.*, No. 20-cv-00658 (SRN/KMM) (D. MN, Sep. 21, 2020) the court denied defendant's motion to dismiss, holding that construction laborers working for a framing subcontractor through a labor broker plausibly alleged facts supporting joint employer status under federal and state law.

In *Jane Doe 1 et al v. Independent School District 31*, No. 20-cv-226(SRN/LIB) (D. MN, August 14, 2020) the court denied defendant's motion to dismiss, finding that plaintiffs pled sufficient facts to support plausible Title IX, Section 1983, negligence, negligent supervision, and negligent retention claims. Specifically, the court found that the complaint plausibly alleged a duty of care arising from a special relationship between the school district and plaintiffs, taking into account the elevated status of the school official who sexually exploited plaintiffs, the egregiousness of the sexual exploitation that occurred on district-owned devices, and the fact that the district had clear notice. Further, the court found that plaintiffs plausibly alleged that the district's own conduct created a foreseeable risk of injury to plaintiffs and that the district owed them a duty to prevent the sexual harassment and bullying faced by plaintiffs after the school official's arrest. Additionally, the court held that the complaint plausibly alleged that the district acted with deliberate indifference, resulting in a hostile education environment and peer harassment under Title IX and Section 1983. Finally, plaintiffs sufficiently alleged a pattern of constitutional violations that put the district on notice that "its employees' responses to recurring sex discrimination were insufficient to protect Plaintiffs' constitutional rights."

In *Intravaia v. National Rural Electric Cooperative Association*, No. 1:19-CV-973, 2020 WL 58276 (E.D. Va. Jan. 2, 2020), the court denied defendants' motion to dismiss in full, holding plaintiffs

adequately alleged breaches of fiduciary duty and prohibited transactions under ERISA relating to the administration of the National Rural Electric Cooperative Association's 401(k) plan.

In *Reetz v. Lowe's Companies, Inc.*, No. 518CV00075, 2019 WL 4233616 (W.D.N.C. Sept. 6, 2019), the court denied defendants' motion to dismiss in substantial part, holding plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of the Lowe's 401(k) plan.

In *Karpik v. Huntington Bancshares Inc.*, No. 2:17-CV-1153, 2019 WL 7482134 (S.D. Ohio Sept. 26, 2019), the court denied defendants' motion to dismiss in substantial part and held that plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management and monitoring of Huntington Bank's 401(k) plan.

In *Belt v. P.F. Chang's*, No. 18-cv-03831 (E.D. Pa. Aug. 15, 2019), the court denied defendant's motion for judgment on the pleadings, holding that the DOL's new interpretation of the FLSA was unreasonable and not subject to deference, confirming that Plaintiffs had stated a claim for minimum wage violations due to P.F. Chang's failing to pay its servers the full minimum wage when they performed related yet untipped labor, such as side work, for more than 20% of their time in a workweek.

In *Nelsen v. Principal Global Investors Trust Co.*, No. 4:18-cv-00115 (S.D. Iowa, Jan. 24, 2019), the court denied defendants' motion to dismiss in substantial part, holding plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of Principal's collective investment trusts.

In *In re M&T Bank Corp. ERISA Litig.*, No. 16-cv-375, 2018 WL 4334807 (W.D.N.Y. Sept. 11, 2018), the court denied defendants' motion to dismiss in substantial part, holding plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of the M&T Bank Corporation Retirement Savings Plan.

In *Velazquez v. Massachusetts Fin. Servs. Co.*, 320 F. Supp. 3d 252 (D. Mass. 2018), the court denied defendants' motion to dismiss in substantial part and held that plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of the Massachusetts Financial Services Company MFSavings Retirement Plan and the Massachusetts Financial Services Company Defined Contribution Plan.

In *Beach v. JP Morgan Chase Bank*, No. 1:17-cv-00563 (S.D.N.Y. Mar. 28, 2018), the court denied defendants' motion to dismiss in substantial part and held that plaintiffs adequately alleged breaches of fiduciary duty under ERISA.

In *Wildman v. American Century Serv., LLC*, 237 F. Supp. 3d 902 (W.D. Mo. 2017), the court denied defendants' motion to dismiss, finding that plaintiffs adequately alleged breaches of fiduciary duty and prohibited transactions by defendants in connection with the American Century Retirement Plan.

In *Johnson v. Fujitsu Technology Business of America, Inc.*, 250 F. Supp. 3d 460 (N.D. Cal. April 11, 2017), the court denied defendants' motions to dismiss, and held that plaintiffs adequately alleged

breaches of fiduciary duty under ERISA relating to the management of the Fujitsu Group Defined Contribution and 401(k) Plan.

In *Moreno v. Deutsche Bank Americas Holding Corp.*, 1:15-cv-09936, 2016 WL 5957307 (S.D.N.Y. Oct. 13, 2016), the court denied defendants' motion to dismiss in substantial part and held that plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of the Deutsche Bank Matched Savings Plan.

In *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 8:15-cv-01614, 2016 WL 4507119 (C.D. Cal. Aug. 5, 2016), the court denied defendants' motion to dismiss in substantial part and held that plaintiffs adequately alleged breaches of fiduciary duty under ERISA relating to the management of the Allianz Asset Management of America L.P. 401(k) Savings and Retirement Plan.

In *Bowers v. BB&T Corporation*, No. 1:15-cv-732-CCE-JEP (M.D.N.C. Apr. 18, 2016), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Employment Retirement Income Security Act ("ERISA") violations related to defendant's management of plaintiffs' 401(k) Savings Plans are sufficient for litigation to move forward.

In *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825, 2016 WL 1397427 (D. Mass. Apr. 7, 2016), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Employment Retirement Income Security Act ("ERISA") violations related to defendant's management of plaintiffs' 401(k) Savings Plans are sufficient for litigation to move forward.

In *Johnson v. Casey's Gen. Stores, Inc.*, 116 F. Supp. 3d 944 (W.D. Mo. 2015), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Fair Credit Reporting Act violations and the willfulness of defendant's conduct sufficient for litigation to move forward.

In *Lengel v. HomeAdvisor, Inc.*, 102 F. Supp. 3d 1202 (D. Kan. 2015), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Fair Credit Report Act violations and the willfulness of defendant's conduct sufficient for litigation to move forward.

In *Holmes v. Bank of America, N.A.*, No. 3:12-cv-00487, 2013 WL 2317722 (W.D.N.C. May 28, 2013), the court denied four motions to dismiss plaintiffs' claims regarding force-placed insurance and allowing the case to proceed.

In *Walls v. JPMorgan Chase Bank, N.A.*, No. 3:11-cv-00673, 2012 WL 3096660 (W.D. Ky. July 30, 2012), a case regarding force-placed flood insurance, the court denied defendant's motion to dismiss, stating that the plaintiff's mortgage agreement did not explicitly provide that the lender's flood insurance requirement could change at will and that Kentucky contracts contain provisions which can impose limits on discretion afforded by a contract, thus rejecting defendant's interpretation of plaintiff's mortgage agreement for purposes of the motion.

| **Defeat of Motions to Compel Arbitration**

In *Doll House, Inc. v. Tapia*, Nos. 5D16-4235, 5D16-4455 (Fla. DCA Nov. 21, 2017), the Florida District Court of Appeal for the Fifth District affirmed per curium a trial court ruling denying defendant's motion to compel arbitration.  The court of appeals found that the parties never formed a binding agreement, and alternatively that the agreement at issue was unconscionable and therefore unenforceable.

In *Payne v. WBY, Inc.*, 141 F. Supp. 3d 1344 (N.D. Ga. 2015) the court denied defendant's motion to compel arbitration of opt-in plaintiffs in an FLSA conditionally certified collective action. The court held that the defendant's alleged posting of an arbitration agreement on a bulletin board in the breakroom without additional notice to workers of its existence, its terms, or its binding nature was insufficient to establish an offer or acceptance of its terms.



## Nichols Kaster Attorneys

| **Partner Biographies**

James H. Kaster is a Civil Trial Law Specialist who has tried well over 100 cases to verdict or decision.  He has also handled many significant cases on appeal, including a successful case in front of the United States Supreme Court (*Kasten v. Saint-Gobain Performance Plastics Corp.*). He was ranked by Chambers USA as number one among plaintiffs' employment lawyers in Minnesota, was named Lawyer of the Year by Best Lawyers in 2012, and 2016, and has been listed by Super Lawyers of Minnesota as

one of the top 10 lawyers in the State.  Jim's success in the courtroom includes earning many million dollar and multi-million dollar recoveries for plaintiffs.  Jim is also a frequent lecturer before local, state, and national organizations on damage recovery and trial skills. He was selected as a Fellow of the American College of Trial Lawyers, a premier professional trial organization in America whose membership is limited to 1% of the trial lawyers in any state or province. He was also selected to be a member of the College of Labor and Employment Lawyers.  *Education*: B.A. Marquette University 1976, J.D. Marquette University 1979.

Paul J. Lukas is one of the co-leaders of the firm's ERISA Class Action Team. Mr. Lukas also has extensive experience litigating class and collective actions and has tried over 50 cases over the course of his career. Mr. Lukas has been recognized by his peers as one of "The Best Lawyers in America" and is frequently named to the Minnesota Super Lawyers list. He also has had many publications and speaking engagements about issues and strategies for plaintiff class action lawyers and the plaintiffs' bar. *Education*: B.A. St. John's University 1988, J.D. William Mitchell College of Law 1991.

Steven Andrew Smith has been named the 2021 "Lawyer of the Year" for Employment Law in Minneapolis by Best Lawyers, named "Attorney of the Year" twice by Minnesota Lawyer for his work protecting employees' rights, named one of "The Best Lawyers in America" for the last seven years, named to the Minnesota Super Lawyers "Top 100" list four times, and named to the Minnesota Super Lawyers list for 17 consecutive years.  In 2020, Steve was elected as a Fellow of the College of Labor and Employment Lawyers. Steve was honored by the Minnesota Chapter of the National Employment Lawyers Association as the recipient of the 2014 Karla Wahl Dedicated Advocacy Award. The Award is given to recipients "for their ceaseless and courageous efforts" to protect and advance the rights of Minnesota employees. Steve was also the recipient of the 2011 Distinguished Pro Bono Service Award from the United States District Court for the District of Minnesota, was selected for the Merit Selection Panel regarding the Re-Appointment of U.S. Magistrate Judge Arthur J. Boylan (D. Minn. 2012), was further recognized in 2014 by the United States District Court and Chief Judge Michael J. Davis for his involvement in the Pro Se Project, a project by the United States District Court of Minnesota for assisting individuals representing themselves in federal court, and has received the Martindale Hubble AV Preeminent rating. Steve's trial experience includes trials to verdict in sexual harassment, whistleblower, reprisal/retaliation, commission, contract, gender discrimination, marital status discrimination, disability, and wage and hour claims. Steve has also litigated several notable cases having substantial effect on employees' rights under state and federal employment laws. Steve is often invited to lecture on employment issues both nationally and locally. He has also authored a number of articles on employment law issues such as sexual harassment in the workplace. *Education*: B.A. Concordia College 1990, J.D. William Mitchell College of Law 1995 *cum laude*.

Michele R. Fisher is a managing partner, and Chair of the Firm's Business Development and Marketing Groups, which originate class and collective actions and market the firm.  She has dedicated her career to litigating wage and hour cases in an aggressive, creative, and strategic manner. She is one of the leaders of a practice group that has been described as a "powerhouse" for mass wage and hour litigation and arbitration.  Michele has the experience, resources, and staff to

take on any company regardless of size.  She has handled several jury trials and arbitrations in her fight for employee rights and prides herself on the firm's reputation as a leader in national wage and hour class and collective action litigation.  Michele has litigated hundreds of class and collective actions involving positions such as home health aides, loan officers, retail salespersons, oil and gas workers, assistant managers, field service engineers, call center representatives, exotic dancers, inside sales representatives, restaurant workers, insurance adjusters, property specialists, property managers, installers, service technicians, and road construction laborers. She is additionally admitted to practice before the United States Court of Federal Claims.

Michele is active in several organizations. She is the current Co-Chair of the Practicing Law Institute's Wage & Hour Litigation & Compliance seminar, and Co-Vice-Chair of the ABA Section of Labor & Employment Law, Annual Conference Planning Committee. She previously served as the Co-Chair of the ABA Section of Labor & Employment Law, Federal Labor Standards Legislation Committee, the Co-Chair of the ABA Section of Labor & Employment Law, Revenue and Partnership Development Committee, Track Coordinator, ABA Section of Labor and Employment Law, Wage & Hour Track for Annual LEL Conference, Co-Chair, ABA Section of Labor & Employment Law, Federal Labor Standards Legislation Committee, FLSA Subcommittee, and Co-Chair, ABA Section Labor & Employment Law, Federal Labor Standards Legislation Committee, WARN Act and Employee Polygraph Protection Act Subcommittee.  She has also served as the Co-Editor-in-Chief, Associate Chapter Editor, and Contributing Author of the ABA Section of Labor & Employment Law Federal Labor Standards Legislation Committee, Fair Labor Standards Act Midwinter Report, an editorial board member for BNA's the Fair Labor Standards Act Treatise, and a chapter editor for BNA's Wage and Hour Laws: A State-by-State Survey. She designed and worked with a web company to develop a website called Arbitratorrater.com, providing a resource at no charge to worker and consumer rights advocates. She has been named one of the Best Lawyers in America, Super Lawyers, Top-Rated Lawyer by Avvo, Rising Star lists repeatedly, is a member of the Top 100 National Trial Lawyers, America's Top 100 High Stakes Litigators, Top 100 Lawyers National Advocates, Top 10 Wage and Hour Lawyers, Lawdragon 500 Leading Plaintiff Employment Lawyers, and has been named a Lawyer of Distinction.  She is a member of the Worker's Rights Advocate Liaisons to U.S. House of Representatives, Committee on Education & Labor, meeting with the House Committee staff in Washington D.C. to discuss potential changes to the Fair Labor Standards Act.  Michele is a member of the National Employment Lawyers Association, National Employment Law Project, American Association for Justice, and National Trial Lawyers. Michele volunteers as an attorney for a foster child through the Children's Law Center.  *Education*: B.A. St. Cloud State University 1997, J.D. William Mitchell College of Law 2000.

Matthew H. Morgan is a managing partner at the Firm and a Minnesota State Bar Association Civil Trial Specialist.  Much of Matt's career has focused on litigating class and collective actions on behalf of individuals seeking minimum wage and overtime pay and fighting discrimination.  Last fall, Matt first-chaired a nineteen-day age discrimination class action trial on behalf of nearly 1000 people against the federal government.  Matt has been recognized as a Super Lawyer every year since 2014, and has been named to the Who's Who in Employment Law by Minnesota Law and Politics.  Matt

formerly served as an   adjunct faculty member at William Mitchell College of Law (now Mitchell Hamline) teaching representation skills to first-year students and advanced advocacy to second- and third-year students.  Matt is a frequent lecturer at legal seminars, focusing on litigation-related topics including trials and taking 30(b)(6) depositions. *Education*: B.A. University of Minnesota 1996, J.D. William Mitchell College of Law 2000.

*Kai H. Richter* is an experienced attorney who has fought for the rights of everyday people throughout his legal career. As one of the leaders of Nichols Kaster's Consumer Class Action Team, Kai has handled numerous cases on behalf of consumers against banks, mortgage servicers, and other large companies, and successfully argued before the First Circuit Court of Appeals in *Lass v. Bank of America, N.A.*, 695 F.3d 129 (1st Cir. 2012). In addition, Kai also is one of the leaders of the firm's ERISA litigation team, and is currently spearheading several cases involving breach of fiduciary duty claims against companies for mismanagement of their employee retirement plans.  During his tenure at the firm, Kai has negotiated several class action settlements that have made a combined total of more than $200 million in relief available to consumers nationwide.  Prior to joining Nichols Kaster in April 2010, Kai managed the Complex Litigation Division of the Minnesota Attorney General's Office, where he supervised and handled a large number of consumer enforcement cases. For example, in June and September of 2009, Kai co-chaired a three-week trial involving claims for fraudulent sales of annuities and legal plans to over 1,200 Minnesota senior citizens and won a favorable judgment from the trial court. In addition, he also spearheaded a significant enforcement action against Sprint Nextel relating to wrongfully-imposed contracts and early termination fees.  Kai also has several years of prior experience representing plaintiffs in private practice, including two landmark class actions. For example, in *Braun v. Wal-Mart Stores, Inc.*, a statewide wage and hour class action against Wal-Mart, Kai briefed and successfully co-argued the issue of class certification and significantly participated in the three-month trial of the case, paving the way for a multi-million-dollar payout to Wal-Mart's Minnesota workers. In addition, Kai was one of only three plaintiff trial attorneys in *Grutter v. Bollinger*, a landmark class action lawsuit against the University of Michigan Law School that was decided by the United States Supreme Court in 2003.  Kai has taught legal writing at Hamline University and previously served as a co-director of the Robert F. Wagner Moot Court Program at the University of Minnesota Law School. *Education*: B.A. Dartmouth College 1995 *cum laude*, J.D. University of Minnesota *cum laude*.

*Rachhana T. Srey* is a Partner at Nichols Kaster, PLLP who has extensive litigation experience, primarily dedicating her legal practice to national wage and hour complex class and collective action employment litigation. She has been a zealous advocate for thousands of employees over her 14–year career, representing a wide variety of workers in many industries including those who work in healthcare, insurance, financial services, communications, retail, manufacturing, and security industries as well as federal sector employees. Rachhana's exceptional case management and advocacy skills, dedication to her clients, strong work ethic and outgoing personality have earned her the respect of her clients and of her colleagues in the legal community. Rachhana has tried several wage and hour cases, most notably obtaining a jury verdict that was upheld by the Sixth Circuit in favor of a group of nearly three hundred cable installers.  In addition to her wage and hour practice, Rachhana is also currently litigating a large age discrimination class case venued at the EEOC. She is active in several

organizations, holding leadership positions in a few. Rachhana is currently the Co-Chair of the National Employment Lawyer Association's ("NELA") Wage & Hour Committee and Practice Group and the Co-Chair of the Association of Justice's ("AAJ") Wage & Hour Litigation Group. She is also an active Board Member of Mid-Minnesota Legal Aid. Rachhana is often invited to speak nationally and locally on a wide range of topics including class and collective action litigation strategies, wage and hour litigation, discovery issues, recent developments in the law, and age and gender discrimination. *Education*: B.A. University of Minnesota 2000, J.D. William Mitchell College of Law 2004 *cum laude*.

*Matthew C. Helland* is an experienced and tenacious litigator who has fought for workers' and consumers' rights throughout his career. Matt serves as the managing partner of Nichols Kaster's San Francisco office, where he focuses his practice on class and collective wage and hour cases filed in California and throughout the country. Handling both large class actions and individual matters throughout this career, Matt has developed a record of success in significant and complex litigation. Matt litigates each of his cases with the same zealous advocacy and passionate protection of his clients' rights, whether the case involves millions of dollars and thousands of clients, or thousands of dollars and one individual. In addition to representing workers across the country in wage and hour actions, Matt has also handled cases involving WARN Act violations, breach of contract, and severance negotiations. Matt is licensed in both California and Minnesota. Matt is an active volunteer at Workers' Rights Clinics through Legal Aid Work, where he supervises student attorneys in providing legal assistance to low wage workers. While attending the University of Minnesota Law School, Matt was a staff member and Managing Tribute Editor of the University of Minnesota Journal of Global Trade. He also participated in the Child Advocacy Clinic, representing the interests of children as a student attorney in both Family and Juvenile Court. *Education*: B.A. Rhodes College 2002 *magna cum laude*, J.D. University of Minnesota Law School 2005 *magna cum laude*.

*David E. Schlesinger* David Schlesinger is an experienced attorney who has been recognized for the quality of his work for employees. He is an MSBA Certified Employment Law Specialist who has been selected as a Super Lawyer for the last seven years. He teaches Law in Practice at the University of Minnesota Law School and is the former president of the Minnesota Chapter of the National Employment Lawyers Association. David has successfully litigated a wide variety of employment claims, including several significant cases involving gender discrimination, cases under the Americans with Disabilities Act, and many other claims. His practice also includes an emphasis on the intersection of employment and business disputes, including litigation of breach of fiduciary duty and minority shareholder claims. He has effectively defended employees from non-compete and trade secret claims brought by their former employers. *Education*: B.A. Mary Washington College 2001 *cum laude*, J.D. University of Minnesota Law School 2006 *cum laude*.

*Anna P. Prakash* is a tough and determined litigator. Her practice focuses on complex class actions on behalf of protected groups and those harmed by corporate or governmental wrongdoing. Whether in the context of civil rights, illegal pay practices, loan issues, insurance coverage, consumer fraud, or other harm to vulnerable communities, Anna seeks out injustices to hold wrongdoers accountable and give all people a voice. She cares about and fights for her clients, brings a high level of

skill and intellect to the fight, and has achieved great success for her clients in state and federal courts around the country, including the summary judgment victories referenced above in *Huff*, *Hart*, and *Clincy*, successful appeal in *Bible v. United Student Aid Funds*, and the trial verdict in *FTS*. Anna also serves on the Board of Directors of the Public Justice Foundation, a nationwide charitable organization supporting high-impact lawsuits to combat social and economic injustice and protect the Earth's sustainability. She is a frequent speaker at national legal seminars, an adjunct professor of legal writing at the University of Minnesota Law School, and a past board member of the Minnesota chapter of the National Employment Lawyers' Association. *Education*: B.A. University of Michigan 2002, J.D. Cornell Law School 2005.

Rebekah L. Bailey is a tireless advocate dedicated to civil rights and social justice. She has helped tens of thousands of employees and consumers recover millions of dollars primarily in complex class and collective actions across the country. Rebekah has worked on the firm's wage and hour team and was a founding member of the consumer practice area as well as the firm's civil rights and impact litigation group. Rebekah has been recognized as a Minnesota Super Lawyer every year since 2014. Over the years, she has served on numerous trial and arbitration teams, successfully first-chairing her first bench trial. Rebekah has achieved several affirmative summary judgment determinations and certification decisions, including in *Rego*, *Dunham-Sunde*, *Henderson*, *Vaughan*, *Spar*, and *Norris-Wilson*, mentioned above. Rebekah leads the firm's e-discovery committee. She has spoken at national seminars on various topics, including electronic discovery, class litigation, arbitration, equal pay, and various wage and hour issues. Rebekah is a practical instructor for the University of Minnesota's Law & Practice course. She is a member of the District of Minnesota's Federal Practice Committee, and a board member for the Complex Litigation eDiscovery Forum. She is very involved in the ABA's Labor and Employment Law section. She serves as the employee vice chair of the section's treatise committee; she is an associate editor for the FLSA Committee's Mid-Winter Report; and she serves as a FLSL liaison to the ABA/LEL CLE Coordinating & Resources Committee. *Education*: B.S. Grand Valley State University 2004 *magna cum laude*, J.D. University of Minnesota Law School 2008 *magna cum laude*.

Reena I. Desai is a partner at Nichols Kaster, PLLP, in the firm's Minneapolis office. She is a skilled and meticulous litigator, who has represented thousands of employees in class and collective actions to recover unpaid overtime, minimum wages, commissions, and other types of compensation. Reena has also advocated for employees in cases involving race, age and disability discrimination. She is a board member of a legal non-profit and frequently speaks at legal seminars and conferences across the country. Reena has dedicated the majority of her career to helping employees combat wage theft and recover unpaid overtime compensation, minimum wages, and other unpaid compensation. She has represented employees in a variety of industries, including investigators, home health care workers, loan officers, mortgage underwriters, field service technicians, sales representatives, and restaurant workers. Reena has also litigated discrimination cases on both a class and individual level, advocating for employees whose employers have discriminated against them because of their age, race or disability. Reena has been asked to share her knowledge and experience with her peers, serving as a speaker at several national conferences. She has lectured on topics including wage and hour litigation, electronic discovery issues, attorney-client privilege and mediation/settlement. Reena also

serves on the Board of Directors for the Minnesota Justice Foundation, a legal non-profit in Minnesota, and has been named a Rising Star by Minnesota Super Lawyers every year since 2014. *Education*: B.A. George Washington University 2002 *magna cum laude*, J.D. University of Minnesota Law School 2007 *cum laude*.

Robert L. Schug is a partner on Nichols Kaster's Civil Rights and Impact Litigation team. Robert has more than a decade of experience litigating cases through trial in both court and arbitration. He has represented employees across the country on a variety of issues, including race, gender, and disability discrimination, employee misclassification, unpaid overtime, and unpaid wages. Robert previously served as Director of Litigation at the Impact Fund, a nationally recognized non-profit law firm in Berkeley, California devoted to achieving social justice through large scale impact litigation. He has been recognized as a Rising Star by Northern California and Minnesota Super Lawyers. He is licensed in California and Minnesota. *Education:* B.S. Middle Tennessee State University 2003 *summa cum laude*; J.D. William Mitchell College of Law 2006 *summa cum laude*.

Brock J. Specht is a member of Nichols Kaster's national class-action litigation team. He represents consumers, employees, and retirees in lawsuits against some of the country's largest corporations, holding these companies accountable when they fail to deal fairly and honestly with their employees and customers. His recent cases have led to the recovery of millions of dollars in retirement benefits for thousands of participants in 401(k) plans nationwide. Prior to joining the firm, Brock worked with a major Twin Cities law firm, and as a law clerk for two judges on the Minnesota Court of Appeals. Brock also has worked as a Special Assistant State Public Defender, *pro bono*, and as an Adjunct Professor of Law at the University of St. Thomas School of Law. *Education*: B.A. University of Minnesota 2002, J.D. University of St. Thomas School of Law 2007 *magna cum laude*.

Carl F. Engstrom is a subject matter expert on Nichols Kaster's ERISA Litigation Team. As a founding member of the ERISA litigation group, Mr. Engstrom has been counsel of record in every case brought by the group since its inception in 2015. In that time, the ERISA litigation group has negotiated settlements totaling approximately $80 million on behalf of retirement plan participants shortchanged by excessive fees and imprudent retirement plan investments. Before joining Nichols Kaster, Mr. Engstrom clerked for judges at both the Minnesota Court of Appeals and Hennepin County District Court. Prior to entering the legal profession, Mr. Engstrom spent six years working as a financial advisor, providing retirement and investment advice to hundreds of clients, and earning the Certified Financial Planner™ designation. *Education*: B.A. Harvard College 1998, J.D. University of Minnesota Law School 2012 *magna cum laude*.

| Associate Biographies

Ben J. Bauer is a member of Nichols Kaster's ERISA litigation team where he represents employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement. Prior to joining the firm, Ben clerked

for Judge Tom Fraser in Hennepin County District Court. During law school, he interned for the Minnesota Department of Human Rights, the ACLU of Minnesota, and earned the Law School Public Service Award. Prior to law school, Ben taught 7th grade English in Tulsa, Oklahoma and continued to work in schools while completing his law degree in Mitchell Hamline's night program. **Education:**  B.A., St. John's University, 2011, *magna cum laude*, J.D., Mitchell Hamline School of Law, 2017, *magna cum laude*.

Caroline E. Bressman is a member of the firm's national wage and hour litigation team where she fiercely advocates for workers' rights. Caroline is dedicated to furthering social justice and equity in the workplace on behalf of employees challenging their employers' unfair practices. Caroline is a contributing editor to the Fair Labor Standards Act Midwinter Report of the ABA Section of Labor and Employment Law. During law school, Caroline served as a staffer, and subsequently Symposium Articles Editor, for the *Minnesota Law Review* and clerked for a nonprofit legal and policy advocacy organization focused on addressing gender inequality. Caroline was also the recipient of the ABA-Bloomberg BNA Award for Excellence in Health Law. *Education:* B.A. St. Olaf College 2015 *magna cum laude*, J.D. University of Minnesota Law School 2018 *cum laude*.

Daniel S. Brome worked with the California Labor Commissioner while in law school and served as the Editor-in-Chief of the Berkeley Journal of Employment and Labor Law, and as Director of the Workers' Rights Clinic. After law school, Daniel worked with a California law firm representing workers and unions in arbitrations and litigation. Daniel continues pursuing his passion for employment law at Nichols Kaster, working with the firm's national wage and hour team out of the San Francisco office. *Education:* B.A. Princeton University 2005, J.D. University of California Berkeley School of Law 2011.

Grace Chanin is a member of Nichols Kaster's ERISA litigation team where she represents employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement.  Prior to joining the firm, Grace clerked for Judge Connolly, Judge Larkin, and Judge Bjorkman at the Minnesota Court of Appeals.  She graduated *magna cum laude* from the Mitchell Hamline School of Law and received three separate CALI awards for her work as the top-performing student in a class.  During law school, she was a member of the Mitchell Hamline law review, worked as a law clerk for a Minneapolis business law firm, and received the Law School Public Service Award for her work as a pro bono law clerk at a top Minneapolis law firm. *Education:* B.A., Minnesota State University 2012 *magna cum laude*, J.D. Mitchell Hamline School of Law 2018 *magna cum laude*

H. Clara Coleman is a member of Nichols Kaster's National Wage and Hour litigation Team where she fights for employees' right to hard-earned wages. Prior to joining Nichols Kaster, Clara served an Attorney-Advisor to the Honorable Christopher Larsen at the U.S. Department of Labor, Office of Administrative Law Judges in San Francisco where she collaborated with ALJ Larsen to manage and decide employment-related matters. Clara also focused on the advancement of workers' rights throughout law school. She advocated for employees in her two clerkship positions at plaintiff-side employment firms, and represented a wage and hour client as a student-attorney for the Public

Justice Advocacy Clinic.  *Education:* B.A., Loyola University Maryland, *summa cum laude*; J.D., George Washington University School of Law, *with honors.*

**Charles A. Delbridge** is a member of Nichols Kaster's Civil Rights and Impact Litigation Team where Charlie focuses on class actions on behalf of employees, consumers, and other protected groups. Charlie's cases challenge discrimination of all types, fraud, and other unfair practices.  He has nearly a decade of experience as a civil litigator across a broad range of substantive practice areas. Charlie has been recognized as a "Minnesota Rising Star" by *Super Lawyers* magazine, and an "Up & Coming Attorney" by *Minnesota Lawyer*. He is active in professional organizations, having served as a member of the Board of Directors of both the Minnesota State Bar Association and Minnesota Continuing Legal Education. *Education:* B.A. University of Wisconsin-Madison 2003, J.D. William Mitchell College of Law 2006 *magna cum laude.*

**Laura A. Farley** is a member of Nichols Kaster's individual rights litigation team and is dedicated to protecting the rights of current and former employees who face a wide-range of employment-related issues, including discrimination, harassment, retaliation, minority shareholder, and contract disputes. Prior to joining Nichols Kaster, Laura worked as an associate for a Minneapolis litigation firm, focusing on minority shareholder, employment, and contract disputes. During law school, Laura was on the Executive Board of the *Minnesota Law Review*, the board of the Women's Legal Student Association, and volunteered with the Advocates for Human Rights. Prior to attending law school, Laura worked for a Fortune 100 company in business-to-business sales supporting operations and logistics in small businesses. *Education:* B.A. University of St. Thomas 2010 *magna cum laude*, J.D. University of Minnesota Law School 2015.

**Kate Fisher** is a Case Development Attorney for the Nichols Kaster's Civil Rights and Impact Litigation Practice Group. In this role, she investigates new cases and works with other members of the Group to advance litigation.  Kate formerly served as an Associate Attorney for the firm's Individual Practice Group, where she represented employees in a wide range of employment-related matters, including but not limited to, allegations of discrimination, harassment, retaliation, violations of the Family and Medical Leave Act, and whistleblower claims. In addition to her practice, Kate has also served as an Adjunct Professor at St. Thomas Law School and Mitchell Hamline School of Law. *Education*: B.A. College of St. Catherine 2006 *summa cum laude*; J.D. University of St. Thomas School of Law 2011 *cum laude.*

**Matthew A. Frank** was named a 2017 Minnesota Lawyer of the Year.  Matt attended the University of Michigan Law School as a Clarence Darrow Scholar. At graduation, he received the Robert S. Feldman Award for outstanding work in labor and employment law. Prior to joining Nichols Kaster in 2016, Matt clerked for the Hon. Susan N. Burke in Hennepin County District Court and practiced plaintiffs' employment law at another Twin Cities firm. Matt is part of Nichols Kaster's individual rights team. *Education:* B.A. University of Colorado Boulder 2002 *summa cum laude*, Philosophy Ph.D. (ABD) University of Minnesota, J.D. University of Michigan Law School 2013 *cum laude.*

Melanie A. Johnson is a member of Nichols Kaster's Civil Rights and Impact Litigation team. Prior to joining the firm, Melanie clerked for Judge Matthew E. Johnson at the Minnesota Court of Appeals. During law school, she served as a managing editor of the *Minnesota Law Review*, student director of the Child Advocacy and Juvenile Justice Clinic, research assistant in the ara of juvenile law, and board member of the student chapter of the Minnesota Justice Foundation.  She received the Mondal Hall Engagement Award in 2019.*Education:* B.A University of Oregon 2010 *magna cum laude*, J.D. University of Minnesota Law School 2019 *cum laude.*

Lucas J. Kaster is a skilled and seasoned trial lawyer focused on aggressive advocacy, creative solutions, and responsiveness to clients. As a member of Nichols Kaster's individual rights team, Lucas represents clients in a wide-range of employment matters, including harassment, retaliation and discrimination claims. Lucas also represents clients in civil rights claims, such as police misconduct and prisoner rights.  Over his career, Lucas has tried many cases to verdict or decision. Most recently, Lucas represented a South Dakota law enforcement officer in a retaliation and sexual harassment lawsuit that resulted in a $1.2 million jury verdict. In a separate lawsuit, Lucas represented four golf course employees who were subject to harassment and retaliation in a court trial that resulted in a plaintiff's verdict and treble damages under the Minnesota Human Rights Act ("MHRA"). Lucas uses this unique trial experience to drive litigation strategy and provide his clients the best possible representation. Lucas is also an experienced appellate advocate. In 2018, Lucas successfully argued before the Ninth Circuit Court of Appeals in *Michael Frost v. BNSF Railway Co.*, 9:15-cv-000124-DWM. The Ninth Circuit's decision addressed a hotly debated subject under the Federal Railway Safety Act ("FRSA"). The question before the Court was whether the honest belief instruction was proper because the FRSA's contributing factor standard required plaintiffs to separately prove discriminatory intent. In the opinion, the Ninth Circuit definitively held that there is no requirement that FRSA plaintiffs separately prove discriminatory intent, and thus the instruction was error.  Due to his experience, Lucas is a well-respected and sought-after speaker. Lucas is a frequent presenter at the ABA's Labor and Employment and Employment Rights and Responsibilities conferences. In February 2019, Lucas also spoke at the College of Labor and Employment Lawyer's Regional Program for the 4th and 11th Circuits in Charleston, South Carolina. Lucas participated in a three-member panel titled: *The #MeToo Movement One Year Later: Where Are We Now?* Lucas is a member Twin Cities Diversity in Practice's Emerging Leaders Group and a contributor to Nichols Kaster's training and marketing committees.  *Education:* B.A. Villanova University 2004, J.D. Marquette University Law School 2011.

Kayla M. Kienzle is a member of Nichols Kaster's National Wage and Hour Litigation Team where she advocates on behalf of workers seeking unpaid wages in class and collective actions across the country.  Kayla is also a contributing author to the ABA Fair Labor Standards Act Midwinter Report.  Prior to joining the firm, Kayla clerked for the Honorable John R. Rodenberg and the Honorable Michelle A. Larkin at the Minnesota Court of Appeals.  During law school, she served as Submissions Editor for the University of St. Thomas Law Journal and as President of the Women Law Students Association.  She also worked as a law clerk at the Hennepin County Public Defender's Office and a legal intern at the United States Department of Justice, Office of Justice Programs, Office for Civil

Rights.  Prior to attending law school, Kayla worked in retail management. *Education*: B.A., Iowa State University, J.D., University of St. Thomas School of Law, *cum laude.*

Michelle L. Kornblit is a member of Nichols Kaster's individual rights practice group and assists employees with a wide-range of claims, including discrimination, harassment, retaliation and whistleblower protection. Michelle has been dedicated to employee rights and challenging unfair employment practices her entire career. While in law school, Michelle interned with an Administrative Law Judge of the U.S. Equal Employment Opportunity Commission, and with the Women's Rights Project of the American Civil Liberties Union. Prior to joining Nichols Kaster, Michelle was an associate with a leading employment litigation firm in New York, representing employees in individual, multi-party and class action cases. *Education:* B.A. New York University 2010 *cum laude*, J.D. Benjamin N. Cardozo School of Law 2014 *cum laude.*

Jennifer K. Lee is a member of the firm's national class-action ERISA team. She is a skilled litigator who has dedicated her legal career to advocating on behalf of the vulnerable. As a member of Nichols Kaster's ERISA practice, she is proud to represent employees whose hard-earned retirement savings have been squandered due to excessive fees, imprudent investments, and employer self-dealing. Through class action litigation, Jenny has helped recover tens of millions of dollars in retirement savings for her clients. Prior to joining Nichols Kaster, Jenny worked as Pro Bono Counsel at a national law firm, a staff attorney with the American Civil Liberties Union's national office in New York, and as an associate at the corporate law firm Cravath, Swaine and Moore in New York City. During law school, Jenny served as Editor-in-Chief of the *University of Chicago Legal Forum* and interned for New York's Legal Aid Society's Prisoners' Rights Project, Planned Parenthood Federation of America, and the ACLU of Illinois. J *Education*: B.A. Yale University 2010 *cum laude*, J.D. University of Chicago Law School 2006 with honors.

Brandon T. McDonough is a member of Nichols Kaster's ERISA litigation team where he represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement.  Prior to joining the firm, Brandon practiced plaintiffs-side consumer and civil rights law. *Education:* B.A. University of Chicago 2007, J.D. University of Minnesota Law School 2012 *cum laude.*

Chloe A. Raimey is a member of Nichols Kaster's ERISA litigation team where she represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and other mismanagement. Prior to joining Nichols Kaster, she clerked for Justice Anne McKeig on the Minnesota Supreme Court. During law school, Chloe served as the editor-in-chief of the *University of St. Thomas Law Journal*, worked as a litigation law clerk for the League of Minnesota Cities, interned with the Advocates for Human Rights, and represented consumers in Chapter 7 bankruptcy proceedings. Prior to law school, Chloe gained additional writing experience as well as employee benefits knowledge as a communications specialist with a focus on human resources topics. *Education:* B.A. University of Florida 2008 *summa cum laude*, J.D. University of St. Thomas School of Law 2016 *magna cum laude.*

Neil Pederson has been practicing law with the firm since October 2017. Prior to that, he clerked for the Honorable Karen A. Janisch in Hennepin County State District Court. His practice has focused on national class action employment discrimination litigation and national wage and hour class and collective action litigation. He has represented hundreds, if not thousands, of workers who have been discriminated against or who are seeking to recover lost wages, including overtime pay and minimum wages, through collective, class, and hybrid actions. Since he started at Nichols Kaster, Neil has worked on multiple class and collective actions, involving positions such as railroad workers, home health aides, delivery drivers, oil field workers, and nurses. Neil has handled managing discovery and filing class certification and other motions in these cases. In addition to being a litigation associate at the firm, Neil also works with its Business Development Group, which originates class and collective actions. Neil is also a contributing editor to the ABA Section of Labor and Employment Law's Fair Labor Standards Act Midwinter Report. Neil volunteers as an attorney for the Mid-Minnesota Legal Aid's Housing Section  *Education*: B.A. University of Minnesota 2007 *summa cum laude*, Political Science Ph.D. work University of Chicago 2008-2010, J.D. William Mitchell College of Law 2015 *summa cum laude*.

Nicole J. Schladt is a member of Nichols Kaster's Civil Rights and Impact Litigation group. Prior to joining Nichols Kaster, Nicole served as a judicial law clerk for the Honorable Susan M. Robiner in Minnesota's Fourth Judicial District. During her time in law school, Nicole co-founded Emory LGBTQ Legal Services (ELLS), an organization created to provide pro bono legal assistance to members of Atlanta's queer community. Her work with ELLS led to her receiving the 2018 Marion Luther Brittain Award, Emory University's highest student honor, as well as the 2018 National LGBT Bar Association Student Leadership Award. Nicole's academic research prior to law school explored the intersections of international human rights law, feminist theory, and international politics.  *Education:* B.A. University of Kentucky 2014 summa cum laude, M. Phil. University of Cambridge 2015, J.D. Emory University School of Law 2018 *with honors.*

Jacob T. Schutz is a member of Nichols Kaster's ERISA litigation team where he represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement. In law school, Jacob was an editor of the ABA Journal of Labor & Employment Law and published an article on the association provision of the Americans with Disabilities Act. Prior to joining Nichols Kaster, he was an associate in a firm acting as general counsel for Taft-Hartley employee benefit funds. *Education:* B.A. University of Pennsylvania 2010, J.D. University of Minnesota Law School 2013 *magna cum laude.*

Mark E. Thomson is a member of Nichols Kaster's ERISA and consumer litigation teams where he represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement, as well as consumers who have been harmed by corporate wrongdoing. Prior to joining Nichols Kaster, he clerked for Justice David Lillehaug and Justice Anne McKeig on the Minnesota Supreme Court. During law school, Mark was an editor of the *Harvard Civil Rights-Civil Liberties Law Review* and interned with the Consumer Financial Protection Bureau, the National Consumer Law Center, and the Massachusetts

Attorney General's Office. *Education*: B.A. University of Minnesota 2011 *summa cum laude*, J.D. Harvard Law School 2016.

| **Staff Attorney Biographies**

    Laura A. Baures is dedicated to fighting for employees and applicants who have been discriminated against for unlawful reasons including on the bases of their age, disability, race, color, national origin, religion, and sex. In addition, she helps employees pursue their fair and equal wages owed in the eyes of the law. Her work focuses primarily on representing classes fighting against discrimination. Laura has experience in both federal and private sector matters. During law school, Laura won the MSBA Labor and Employment Law Section Law Student Award in Labor Law. Laura participated in the AAJ Regional Trial Competition, was president of the Women Law Students Association, and volunteered for over 100 hours through the Minnesota Justice Foundation working as certified student attorney for the Washington County Public Defender's Office and at Eldercare Rights Alliance. She also completed an externship with the Honorable Gail Chang Bohr at Minnesota's Second Judicial District. Before law school, Laura worked for a local company that provides residential care for people with disabilities where she discovered her passion for employment law. *Education:* B.A. University of Wisconsin – Eau Claire *cum laude*, J.D. William Mitchell College of Law.

