# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford, individually and as representatives of a class of similarly situated persons, and on behalf of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan,<br><br>     Plaintiffs,<br>v.<br><br>Koch Industries, Inc., Koch Business Solutions, LP, the Koch Benefits Administrative Committee, and John Does 1-30,<br><br>     Defendants. | Case No. 1:20-cv-02973-MHC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

This litigation involves claims of alleged breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which were asserted against Defendants Koch Industries, Inc., Koch Business Solutions, LP, and the Koch Benefits Administrative Committee ("Defendants") relating to the management of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan (collectively, the "Plans").

Presented to the Court for preliminary approval is a Class Action Settlement Agreement between the Settling Parties dated July 12, 2021 (the "Settlement Agreement").[1] Having reviewed and duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

1.  Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate to warrant sending notice of Settlement to the Class, (ii) the Settlement Agreement resulted from arms-length negotiations in good faith between experienced counsel with the assistance of an experienced mediator following informal discovery, (iii) the

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

proposed Settlement eliminates risks to the Settling Parties of continued litigation; (iv) the proposed Settlement treats class members equitably relative to each other; (v) the form and method of notice of the Settlement and of the Fairness Hearing is appropriate; and (vi) the Settlement Agreement and Settlement Class meet all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2.      For settlement purposes only, the Court preliminarily finds that the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(1) have been met and preliminarily certifies the following Settlement Class under Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of the Georgia-Pacific LLC Hourly 401(k) Plan, the Georgia-Pacific LLC 401(k) Retirement Savings Plan, and the Koch Industries Inc. Employees' Savings Plan at any time between July 16, 2014 and December 31, 2020.

3.      Named Plaintiffs David Kinder, Tracy Scott, Elbert Peay, and Cherry Crawford are appointed as the Class Representatives, and their counsel from Nichols Kaster, PLLP, Austin & Sparks, P.C., and the Sanford Law Firm are appointed as Class Counsel.

4. The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notices fairly and adequately provide information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Former Participant Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the class release; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the amount of the proposed Class Representatives' Compensation; (9) the date, time, and location of the Fairness Hearing; and (10) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of these Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

5. No later sixty (60) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notices

to the Settlement Class by first class mail, and shall include a Former Participant Rollover Form (Exhibit 3 to the Settlement Agreement) with the Notices that are sent to Former Participant Class Members. A Former Participant must submit a completed, satisfactory Former Participant Rollover Form to the Settlement Administrator within ninety (90) calendar days of the date that the Notices are initially mailed to be considered eligible for a rollover in lieu of a check.

6. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement on or before the date that the Settlement Notices are mailed.

7. Pursuant to the Settlement Agreement, Analytics Consulting, LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. On [date] at [time], [a date that is not less than 120 calendar days from the date of entry of this Order] or at such other date and time later set by Court Order,[2] in Courtroom 1905 of the United States District Court for the Northern

---

[2] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

5

District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

9. Any objections to the Settlement from Settlement Class Members must be timely sent to Class Counsel and the Settling Defendants' Counsel to be considered. To be timely, the objection must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Settling Defendants' Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. The objection must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the basis for the objection; and (4) include the Settlement Class Member's signature. A Settlement Class Member who submits an objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the

Settlement Class Member's objection to be considered by the Court. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

10. Any application for Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

11. No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement. Any Settling Party may file a response to an objection before the Fairness Hearing.

12. The Class Representatives and each Class Member and their respective heirs, Alternate Payees, beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns ("Class Releasors"), are preliminarily enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member or Class Releasor may thereafter discover facts in addition

7

to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, the Plans and any person acting on behalf of such Plans, including any fiduciaries, trustees or participants, are preliminarily enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member or other person on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

14.     Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement or other agreement of the Settling Parties.

15.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval

is reversed, vacated, or modified in any material respect by this or any other court, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement, including the certification of the Settlement Class for settlement purposes, shall be treated as vacated *nunc pro tunc*.

**IT IS SO ORDERED** this ___ day of _____, 2021.

BY THE COURT

_____
MARK H. COHEN
United States District Judge